Willian Most (LA No. 36914)
williammost@gmail.com
**WILLIAM MOST, L.L.C.**
201 St. Charles Ave., Ste. 114 #101
New Orleans, Louisiana 70170
Tel: 650.465.5023

Brian E. Lahti (UT No. 16298) *pro hac vice*
lahti@mvmlegal.com
**MCNEILL VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Tel: 801.823.6464

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL MCCLANAHAN, GARY CHAMBERS, and EUGENE COLLINS,**<br><br>        Plaintiffs,<br><br>v.<br><br>**SCOTT WILSON, and CITY OF BATON ROUGE**<br><br>        Defendants. | Case No.:  17-cv-01720-JWD-RLB |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO SCOTT WILSON

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff hereby requests that Scott Wilson answer these interrogatories, separately and fully in writing and verified and under oath within thirty days, in accordance with the law and the definitions and instructions set forth below.

### DEFINITIONS

1.     The term "**identify**" when used in conjunction with a person means to state the person's (1) full name; (2) last known residence and business addresses; (3) last known home and business telephone numbers; and (4) job title.  When used in conjunction with a document, the term "identify" means to state: (1) the title of the document; (2) the date of the document; (3) the author of the document; (4) the name and business address of the present custodian of the document.  Once a person

1

has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

2. The terms "**document**" or "**documents**" refer to every writing or record of every type or description, including, but not limited to correspondence; notes; faxes including cover sheets; books; papers; contracts; instructions; guides; compilations of rules, regulations, or policies; daybooks; calendars; photographs; emails; messages; drawings; maps; diagrams; charts; graphs; other writings; recording tapes; recording discs; mechanical or electronic information storage or recording elements, text messages, and any other "documents" as the word is defined in Rule 34 of the Federal Rules of Civil Procedure.

3. The term **"relate"** or **"relating to"** means showing, reflecting, referring to, constituting, evidencing, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the interrogatory.

4. The term "**person**" means any natural person, group of natural persons, legal entity, corporation, partnership, government agency or board, association, proprietorship, organization, or any other business or entity.

5. "**Defendants**," "**you**," "**your**," or "**yourself**" refers to all Defendants, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on your/their behalf or under your/their control to the extent that any of those persons have knowledge of or participated in any of the matters related to the allegations in the Complaint or to any of your defenses.

6. The term "**describe**" means to set forth in detail all known facts and circumstances related to the subject of the Interrogatory, including the date, time, and place of any oral or written

statement, conversation, report, study, or meeting, the identity of the participants, and the substance and purpose of the events or communications so described.

7. Whenever used herein the singular shall be deemed to include the plural and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine; disjunctive ("or") shall be deemed to include the conjunctive ("and") and vice versa, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

## INSTRUCTIONS

6. You are to answer each interrogatory separately, completely and fully, under oath. In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

7. If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

8. These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

9. If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

10. If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

11. If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, it must state with particularity the basis of the claim of privilege or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

12. These interrogatories are continuing in nature. As such, Defendants shall supplement any response to these interrogatories as soon new responsive information is acquired.

13. If a RFA refers to or is in the context of a Metro Council meeting, it is the May 10, 2017, Metro Council meeting unless otherwise specified.

## INTERROGATORIES

### INTERROGATORY NO. 1

Provide your factual and legal basis for ordering Michael McClanahan removed during the May 10, 2017 Metro Council meeting.

### INTERROGATORY NO. 2

Provide your factual and legal basis for ordering Gary Chambers during the May 10, 2017 Metro Council meeting.

### INTERROGATORY NO. 3

Provide your factual and legal basis for ordering Eugene Collins removed during the May 10, 2017 Metro Council meeting.

**INTERROGATORY NO. 4**

Describe in detail the process used to determine when a speaker can be appropriately removed from a Metro Council meeting

**INTERROGATORY NO. 5**

Describe in detail all trainings, guidance, presentations, or instruction provided to Metro Council Members regarding determining that a speaker is "off-topic," may be removed from the speaking podium, or in compliance with Section 1.7(a) of the Code of Ordinance, including but not limited to training provided by the city attorney, the date of the instruction, the content of the instruction, and attendees of the training.

**INTERROGATORY NO. 6**

Identify the date and agenda item of any Baton Rouge public meeting in which a person read from Dr. Seuss' "Green Eggs & Ham."

**INTERROGATORY NO. 7**

Describe the basis for your denial (R. Doc. 15-2 at ¶ 5) of the allegation that "The Plaintiffs here – Black community leaders Michael McClanahan, Gary Chambers, and Eugene Collins – were among the citizens that Scott Wilson silenced and ordered removed."

**INTERROGATORY NO. 8**

Describe the context (see R. Doc. 15-2 at ¶ 6) that you contend justifies your denial of the following allegation: "When Michael McClanahan, head of the Baton Rouge NAACP got up to the microphone to speak, Scott Wilson ordered police officers to 'take him out' less than one second after he said the words 'Alton Sterling.'"

**INTERROGATORY NO. 9**

Describe the context (see R. Doc. 15-2 at ¶ 7) that you contend justifies your denial of the following allegation:  "Gary Chambers was only at the microphone for eight seconds when he mentioned the phrase 'police department' and Scott Wilson immediately ordered the police to take him out."

**INTERROGATORY NO. 10**

Describe the basis for your denial (R. Doc. 15-2 at ¶ 22) of the allegation that "On July 5, 2016, Baton Rouge police officers shot Alton Sterling to death."

**INTERROGATORY NO. 11**

Describe the basis for your denial (R. Doc. 15-2 at ¶ 27) of the allegation that "The Baton Rouge Metro Council was scheduled to hold a meeting on May 10,  2017.  Some of the agenda items were

5

related to the issue of officer-involved shootings.  Others were not, and involved the business-as-usual of the City."

## INTERROGATORY NO. 12

Describe the basis for your denial (R. Doc. 15-2 at ¶ 37) of the allegation that "Agenda Item 60 was directly related to the Alton Sterling killing, because the Alton Sterling killing was the "driving force" behind House Bill 276.8  The bill specified how long police officers would have to hire an attorney before they are questioned for an incident involving shooting and seriously injuring or killing someone.  It had originally contained a provision about how long an officer should be paid and not paid while on administrative leave for a shooting – a issue of community concern about the officers involved in the killing of Alton Sterling."

## INTERROGATORY NO. 13

Describe the context (see R. Doc. 15-2 at ¶ 40) that you contend justifies your denial of the following allegation:  "A member of the audience cried out, 'He hadn't even started!'"

## INTERROGATORY NO. 14

Describe the context (see R. Doc. 15-2 at ¶ 44) that you contend justifies your denial of the following allegation: "Ms. Weaver was at the podium for two minutes, including more than a minute after bringing up Alton Sterling."

## INTERROGATORY NO. 15

Describe why the City of Baton Rouge does not have "sufficient information" (see R. Doc. 15-2 at ¶ 69) to admit or deny an allegation about its own former police chief's public statements.

## INTERROGATORY NO. 16

Describe the basis for your denial (see R. Doc. 15-2 at ¶ 89) of the allegation that "Defendants did not just remove Plaintiffs from the podium.  They went a step further and removed them from the Metro-Council Chambers entirely."

## INTERROGATORY NO. 17

Describe the basis for your denial (see R. Doc. 15-2 at ¶ 90) of the allegation that When the police merely returned a person to their seat, Scott Wilson overrode that decision and explicitly required them removed from the chamber."

## INTERROGATORY NO. 18

For every request for admission denied, describe the basis for denial.

Case 3:17-cv-01720-JWD-RLB   Document 23-3   08/18/18   Page 7 of 7

Plaintiffs, by and through their counsel,

| | |
|---|---|
| Willian Most (LA No. 36914) <br> williammost@gmail.com <br> **WILLIAM MOST, L.L.C.** <br> 201 St. Charles Ave., Ste. 114 #101 <br> New Orleans, Louisiana 70170 <br> Tel: 650.465.5023 | Brian E. Lahti (UT No. 16298) *pro hac vice* <br> lahti@mvmlegal.com <br> **MCNEILL VON MAACK** <br> 175 South Main Street, Suite 1050 <br> Salt Lake City, Utah 84111 <br> Tel: 801.823.6464 |

CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2018, a copy of *Plaintiff's First Set of Interrogatories to Scott Wilson* was transmitted to counsel for Defendants by email to DSMorris@brla.gov.

/s/ William Most
WILLIAM MOST

7