## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL MCCLANAHAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-1720-JWD-RLB** |
| **SCOTT WILSON, ET AL.** | |

## **PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Protective Order (R. Doc. 28), and for good cause shown, the parties consent to entry of the following protective order:

WHEREAS Defendant Scott Wilson has claimed that legislative privilege protects him from any deposition in this matter, and that such privilege protects him from Plaintiffs' Interrogatory nos. 1-4 and Requests for Admission nos. 5, 6, 21, and 22;

WHEREAS Plaintiffs do not concede that legislative privilege so protects Mr. Wilson from discovery, but nevertheless consent to the entry of this protective order;

WHEREAS a litigant cannot use a privilege as both a "sword" and a "shield" by selectively using privileged information to make a point in litigation, but then invoking privilege to prevent its opponent from challenging the assertion. *See In re Itron, Inc.*, 883 F.3d 553 (5th Cir., 2018) ("Hence the animating maxim that the privilege cannot 'be used as both sword and shield.'"); *Galaxy Comp. Servs. v. Baker*, 325 B.R. 544, 559 (E.D. Va. 2005) (allowing only testimony within scope of deposition at trial).)

IT IS HEREBY ORDERED, JUDGED AND DECREED that the Joint Motion for Protective Order (R. Doc. 28) is GRANTED, and that this Protective Order shall govern this case.

**TERMS**

1. By agreement of the Parties, Defendant Scott Wilson shall not be deposed in this matter nor shall any discovery be served upon Defendants that inquires into Mr. Wilson's motivations or thought processes.

2. By agreement of the Parties, Defendant Scott Wilson need not answer Plaintiffs' Interrogatory nos. 1-4 and Requests for Admission nos. 5, 6, 21, and 22.

3. Provided that Plaintiffs do not put on any evidence at trial that is wholly unrelated to Mr. Wilson's role as Councilman or President Pro Tempore of the City/Parish, Mr. Wilson shall not testify at trial in this matter on any topic or in any capacity.

4. If Plaintiffs put on evidence wholly unrelated to Mr. Wilson's role as Councilman or President Pro Tempore of the City/Parish, Mr. Wilson's testimony shall be limited only to that specific wholly unrelated evidence as determined by the Court.

5. No party shall put on any evidence at trial related to Mr. Wilson's father.

Signed in Baton Rouge, Louisiana, on October 11, 2018.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE