**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| MICHAEL McCLANAHAN, *et al.* | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. 17-cv-01720-JWD-RLB |
| SCOTT WILSON, *et al.* | ) ) | |
| Defendants. | ) ) | |

**UNIFORM PRETRIAL ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Pretrial Conference will be conducted in this proceeding by John W. deGravelles, United States District Judge, on July 25, 2019 at 2:30 p.m. In the event that there is any disagreement with the content of the Pretrial Order or any part thereof, the objecting counsel or party shall attach an Opposition to the Pretrial Order prior to its submission to the Court.

**PRESENT:**

Appearing as Trial Counsel for Plaintiffs: William Most

Appearing as Trial Counsel for Defendants:
Davis Rhorer, Jr.; Tedrick K. Knightshead; and Candace B. Ford

**1.  JURISDICTION**

Jurisdiction is vested in this Court by 28 U.S.C. §§ 1331 (federal question). Jurisdiction is not contested.

**2. MOTIONS**

There are no pending motions. The parties anticipate filing *Motions in Limine*.

**3. PLAINTIFFS' CLAIMS**

This case is about a May 10, 2017, Baton Rouge Metro Council meeting. At that meeting,

1

Defendant Scott Wilson ordered police to remove three black community leaders during their public comment.

During Plaintiff Mike McClanahan's public comment, Scott Wilson ordered police officers to "take him out" less than one second after he said the words "Alton Sterling." Plaintiff Gary Chambers was only at the microphone for eight seconds when he mentioned the phrase "police department" and Mr. Wilson immediately ordered the police to take him out. And Plaintiff Eugene Collins was only at the podium for **2.5 seconds** - and had barely begun to speak - before Mr. Wilson ordered police to "take him out." As an audience member cried out, "he hadn't even started!"

Although a chair of a city council meeting may require that public comment be on-topic, that power is limited: it cannot be used in a way that discriminates on the basis of viewpoint or race. As a result, the "pivotal question" in a case like this is the Mr. Wilson's motive: if he "acted with improper motive, he violated [plaintiff's] clearly established First Amendment right to be free from viewpoint discrimination in a limited public forum."[1]

Here, the evidence at trial will show that Defendant City of Baton Rouge and Defendant Scott Wilson commonly allow members of the public to speak off-topic, even when the speaker admitted to being off-topic, without forcibly removing the speaker from the room, so long as the Defendants did not see these speakers as having offensive viewpoints regarding Alton Sterling and the Baton Rouge Police Department.[2] The evidence will also show that Defendants allowed white persons to talk longer after mentioning Alton Sterling.

Thus, if this Court concludes that Mr. Wilson discriminated on the basis of either

---

[1] *Heaney v. Roberts*, 846 F. 3d 795, 803 (5th Cir. 2017).
[2] The Supreme Court has held that disparagement, regardless of the object of disparagement, is itself a viewpoint. *Matal v. Tam*, 137 S. Ct. 1744, 1763; 582 U.S. ___ (2017) ("Giving offense is a viewpoint.").

viewpoint or race, it should find for Plaintiffs. Furthermore, citizens have a "First Amendment right to attend a public meeting."[3] Scott Wilson's decision to eject Plaintiffs from the Metro Council chamber – rather than just to remove them from the public comment podium – is a separate and *per se* First Amendment violation.

## 4. DEFENDANT'S CLAIMS

On 3 May 2017, the United States Department of Justice announced it would not pursue charges against the police officers involved in the fatal encounter with Mr. Alton Sterling, Sr. on 5 July 2016. Plaintiffs in this matter, Messrs. Michael McClanahan, Gary Chambers, and Eugene Collins, did not agree with this decision. Accordingly, they coordinated various civic and social justice organizations to protest, by way of forcing the City of Baton Rouge/ East Baton Rouge Parish to take an adverse employment decision as to those officers, and Police Chief Carl D'Abadie. To force the City/Parish to take this action, the Plaintiffs coordinated an effort to "shut down" the next scheduled meeting of the Metropolitan Council, on 10 May 2017. Their intent was to prevent the meeting from handling "business as usual," or to otherwise inhibit its ability to legislate and function.

They did not coordinate their efforts covertly, and in fact garnered widespread media attention from local and regional media outlets. Plaintiffs' efforts were also promoted in Mr. Chambers' own media publication, *The Rouge Collection*, as well as on their individual Facebook profile pages. Protestors agreed to assemble at a specified time and place, and wear specific clothing. Their commentary was not tied to any specific agenda item, but was rather an effort to coerce the Metropolitan Council to take specific, enumerated actions.

President Pro Tempore Scott Wilson advised all meeting attendees not to "disrupt" or

---

[3] *Heaney v. Roberts*, 147 F. Supp. 3d 600, fn. 10 (E.D. La. 2015).

3

"interfere" with the meeting, or risk removal. Plaintiffs proceeded with their protest anyway, and were removed for disrupting the meeting's orderly progress, and refusing to address the respective items open for discussion. Federal caselaw supports reasonable time, place, and manner restrictions on speech in designated and limited public forums. Further, state law compels municipal governments to adhere to strict guidelines in conducting open meetings. Scott Wilson's actions in conducting the May 10 meeting of the Metropolitan Council were entirely justified and reasonable, and Plaintiffs cannot sustain their burden of demonstrating any alleged discriminatory intent belying his actions to ensure orderly progress of the meeting.

## 5. CLAIMS OF OTHER PARTIES

None.

## 6. ESTABLISHED FACTS

### Plaintiffs' Proposed Established Facts

1. On May 3, 2017, the U.S. Department of Justice announced that it was closing its investigation into the killing of Alton Sterling by officers of the Baton Rouge Police Department.[4]

2. The Baton Rouge Metro Council held a meeting on May 10, 2017.

3. The officers involved in the killing of Alton Sterling were on paid leave at the time of the May 10, 2017 meeting. **(Defendants object.)**

4. Scott Wilson presided over and ran the May 10, 2017 meeting.[5]

5. Section 1:7(a) of the Baton Rouge Code of Ordinances provides that members of the public will be allowed to speak "on any item included on the agenda."[6] **(Defendants object.)**

6. Members of the public were allowed three minutes for comment. (**Defendants object**.)

7. The Parish Attorney has said that a member of the public "can oppose an item for any reason that they want." (**Defendants object**.)

---

[4] R. Doc. 15-2 (Answer) at ¶ 25.
[5] Scott Wilson Repsonse to RFA No. 7.
[6] City of Baton Rouge Response to RFA No. 1.

4

8. The Parish Attorney has said that "If I oppose a particular item for any reason – because I'm cranky today, that can be my reason." **(Defendants object.)**

9. Scott Wilson ordered Michael McClanahan, Gary Chambers, and Eugene Collins removed from the May 10, 2017 Metro Council meeting.[7] **(Defendants object.)**

10. Scott Wilson ordered that Michael McClanahan, Gary Chambers, and Eugene Collins be removed from meeting chamber, not just from the podium.[8] **(Defendants object.)**

### Michael McClanahan

11. At the May 10, 2017 meeting, Scott Wilson invited the public to make comment on an Agenda Item 50.

12. Agenda Item 50 item was regarding "Authorizing settlement of the claim of Glen Boudreaux for damages resulting from a sewer back-up in the claimant's home, for a total amount of $25,238.13."

13. Plaintiff Michael McClanahan approached the podium to make comment on Agenda Item 50. **(Defendants object.)**

14. Michael McClanahan began "Good afternoon ladies and gentlemen of the Council. Mike McClanahan, I stand before you as president of East Baton Rouge Parish NAACP. I'm speaking against the proposed item on the agenda today as a citizen of this community.

15. Michael McClanahan was at the podium for approximately a minute.[9] **(Defendants object.)**

16. During his comment, Mr. McClanahan said "I believe it is my constitutional right to express why I oppose the sewer item because on July the fifth, 2016, Alton Sterling was killed . . ." and at that point Mr. Wilson said "John, please take him out. Thank you, sir." **(Defendants object.)**

17. Scott Wilson ordered police officers to remove Michael McClanahan a few seconds after Mr. McClanahan said the words "Alton Sterling."[10] **(Defendants object.)**

### Gary Chambers

18. At the May 10 meeting, Scott Wilson invited the public to make comment on an Agenda Item 51.[11]

---

[7] City of Baton Rouge Response to RFA No. 23.
[8] Scott Wilson Response to RFA No. 1.
[9] Scott Wilson Response to RFA No. 11.
[10] Defendants' response to Interrogatory No. 22; Scott Wilson Response to RFA 10.
[11] R. Doc. 15-2 (Answer) at ¶ 32.

5

19. Agenda Item 51 item was regarding "Authorizing settlement of the claim of Cornel Hubert for damages resulting from a sewer back-up in the claimant's rental unit, for a total amount of $22,400.03"[12]

20. Plaintiff Gary Chambers approached the podium to make comment on Agenda Item 51.

21. Gary Chambers was only at the microphone for approximately eight seconds at the May 10, 2017, Metro Council meeting, when he mentioned the phrase "police department" and Scott Wilson ordered the police to take him out.[13]
**(Defendants object.)**

22. Paragraph 33 of R. Doc. 2 is an accurate transcription of the exchange between Gary Chambers and Scott Wilson at the May 10, 2017, Metro Council meeting.[14] **(Defendants object.)**

Eugene Collins

23. At the May 10 meeting, Scott Wilson invited the public to make comment on an Agenda Item 60.[15]

24. Agenda Item 60 item was regarding "Expressing the opposition of the Metropolitan Council to House Bill 276 filed in the 2017 Session while under officer involved incident investigations."[16]

25. House Bill 276 filed in the 2017 Session specified how long police officers would have to hire an attorney before they are questioned for an incident involving shooting and seriously injuring or killing someone. It had originally contained a provision about how long an officer should be paid and not paid while on administrative leave for a shooting. **(Defendants object.)**

26. Plaintiff Eugene Collins approached the podium to make comment on Agenda Item 60. **(Defendants object.)**

27. Eugene only got as far as "I oppose this motion because on July…." before Scott Wilson ordered the police to "take him out." **(Defendants object.)**

28. Eugene Collins was only at the podium for approximately 2.5 seconds at the May 10, 2017, Metro Council meeting, before Scott Wilson ordered police to "take him out."[17] **(Defendants object)**

---

[12] R. Doc. 15-2 (Answer) at ¶ 32.
[13] Scott Wilson Response to RFA No. 3, 13, 15.
[14] Scott Wilson Response to RFA No. 12.
[15] R. Doc. 15-2 (Answer) at ¶ 36.
[16] R. Doc. 15-2 (Answer) at ¶ 36.
[17] Scott Wilson Response to RFA No. 4.

6

29. An audience member cried out that Mr. Collins hadn't "even started!" **(Defendants object.)**

### Other

30. Four other people were removed during public comment on Item 60. **(Defendants object.)**

31. Three mentioned Alton Sterling; the fourth was trying to return to the podium after already speaking. **(Defendants object.)**

32. At the May 10, 2017, Metro Council meeting, Scott Wilson allowed a white woman, Coby Weaver, who talked about Alton Sterling to continue speaking longer than people of color who talked about Alton Sterling.[18] **(Defendants object.)**

33. Paragraph 43 of R. Doc. 2 is an accurate transcription of an exchange between Scott Wilson and Coby Weaver.[19] **(Defendants object.)**

34. Scott Wilson warned Coby Weaver that she was off-topic two times, and then told her to "go ahead."[20] **(Defendants object.)**

35. Scott Wilson ordered officers to "take [Coby Weaver] out" after she alleged out that Mr. Wilson had removed black men from the chamber based on what they said.[21] **(Defendants object.)**

36. At the May 10, 2017, Metro Council meeting, Scott Wilson ordered police to remove a black woman, Sidney Epps, within a few seconds of Ms. Epps calling for the termination of the Baton Rouge Police Chief. **(Defendants object.)**

37. On May 10, 2017, Scott Wilson ordered police officers to remove Lynne Espinoza after she asked for the officers involved in the Alton Sterling killing to be fired.[22] **(Defendants object.)**

38. At a June 28, 2017, Metro Council meeting, Scott Wilson ordered a Black man removed immediately after he mentioned "this Alton Sterling situation." **(Defendants object.)**

39. At one Metro Council meeting, a white member of the public got up to the podium and read verbatim from the Dr. Seuss book "Oh, the Places You'll Go" but was not removed. **(Defendants object.)**

---

[18] City of Baton Rouge Response to RFA No. 15.
[19] City of Baton Rouge Response to RFA No. 17.
[20] City of Baton Rouge Response to RFA No. 19.
[21] City of Baton Rouge Response to RFA No. 17.
[22] City of Baton Rouge Response to RFA No. 10.

**Defendants' Proposed Established Facts**

40. On 3 May 2017, the U.S. Department of Justice announced that it was closing its investigation into the death of Alton Sterling, Sr. following an encounter with officers of the Baton Rouge Police Department.[23]

41. In response to that decision, it was the view of Plaintiffs that the government of the City of Baton Rouge/ East Baton Rouge Parish "should not return to business-as-usual without first resolving how to respond to the killing."[24]

42. Plaintiffs coordinated an effort to "shut down" the next regularly scheduled Metropolitan Council meeting of 10 May 2017. **(Plaintiffs Object.)**

43. The President Pro Tempore explicitly advised audience members not to disrupt or interfere with the public meeting.

44. The President Pro Tempore deemed commentary regarding Alton Sterling, Sr. out of order, or not germane. **(Plaintiffs Object.)**

### 7. EXHIBITS

(a) Plaintiff's Exhibits:

| EXHIBIT NO. | DESCRIPTION | Grounds for Objection to Authenticity | Grounds for Objection to Admissibility |
|---|---|---|---|
| Exhibit 1 | Rule 1006 Summary of Videos | Not stipulated | Objection to relevance; objection to improper use of a Rule 1006 summary – underlying materials are not voluminous, header and title language are argumentative and not neutral, exhibits are mischaracterized; Objection to speculation |
| Exhibit 2 | Video excerpt of 5/10/2017, Item 50 (McClanahan) | Video is incomplete; video has been edited | Video is incomplete portrayal; video has been edited |
| Exhibit 3 | Video excerpt of 5/10/2017, Item 51 (Chambers) | Video has been edited | Video has been edited |
| Exhibit 4 | Video excerpt of 5/10/2017, Item 60 (Collins) | Video is incomplete; video has been edited | Video is incomplete portrayal; video has been edited |
| Exhibit 5 | Video excerpt of 5/10/2017, Item 60 (Weaver) | Audio and video do not align; video is incomplete; video has been edited | Audio and video do not align; video is incomplete portrayal; video has been edited |
| Exhibit 6 | Video excerpt of 5/10/2017, Item 60 | Audio and video do not | Audio and video do not align; |

---
[23] R.Doc. 17 at ¶ 25
[24] R.Doc. 2 at ¶ 3.

8

| | | | |
|---|---|---|---|
| | (Epps) | align; video is incomplete; video has been edited | video is incomplete portrayal; video has been edited |
| Exhibit 7 | Video excerpt of 5/10/2017, Item 60 (Espinoza) | Audio and video do not align; video is incomplete; video has been edited | Audio and video do not alight; video is incomplete portrayal; video has been edited |
| Exhibit 8 | Video excerpt of 6/28/2017, Item 56 (Reed) | Video has been edited | Relevance; not included in initial disclosures; video is incomplete and has been edited |
| Exhibit 9 | Video excerpt of 9/27/2017, Item 76 (Lillard) | Video has been edited; video is incomplete | Relevance; video is incomplete and has been edited |
| Exhibit 10 | Video excerpt of 6/14/2017, Item 66 (J. Weber) | Video has been edited | Relevance |
| Exhibit 11 | Video excerpt of 6/14/2017, Item 66 (D. Weber) | Video has been edited | Relevance |
| Exhibit 12 | Video excerpt 8/23/2017, Item 139 (Ortega) | Video has been edited | Relevance |
| Exhibit 13 | Video excerpt of 8/23/2017, Item 101 (Kelly) | Video has been edited | Relevance |
| Exhibit 14 | Video excerpt of 5/14/2014, Item 13Z/13Y (Mora) | Video has been edited | Relevance; not included in initial disclosures |
| Exhibit 15 | Metro Council Agenda for 5/10/2016 | Stipulated | Stipulated |
| Exhibit 16 | Metro Council Agenda for 6/28/2017 | Stipulated | Stipulated |
| Exhibit 17 | Metro Council Agenda for 9/27/2017 | Stipulated | Stipulated |
| Exhibit 18 | Metro Council Agenda for 6/14/2017 | Stipulated | Stipulated |
| Exhibit 19 | Metro Council Agenda for 8/23/2017 | Stipulated | Stipulated |
| Exhibit 20 | Metro Council Agenda for 5/14/2014 | Stipulated | Stipulated |
| Exhibit 21 | Video excerpt of 8/23/2017, Item 101 (Chambers & McClanahan) | Video has been edited; caption and date are inaccurate; item misidentified; video is incomplete | Relevance; caption and date are inaccurate; item misidentified; video is incomplete |
| Exhibit 22 | Full video of 6/28/2017, Item 56 | | Relevance |
| Exhibit 23 | Full video of 9/27/2017, Item 76 | | Relevance |
| Exhibit 24 | Full video of 6/14/2017, Item 66 | | Relevance |
| Exhibit 25 | Full video of 8/23/2017, Item 139 | | Relevance |
| Exhibit 26 | Full video of 8/23/2017, Item 101 | | Relevance |
| Exhibit 27 | Full video of 5/14/2014, Item 13Z/13Y | | Relevance |
| *To Be Numbered As Needed* | Any exhibit listed by any other party. | | |

9

(b) Defendants' Exhibits

| NO. | DESCRIPTION | Grounds for Objection to Authenticity | Grounds for Objection to Admissibility |
|---|---|---|---|
| D-1 | Council Video 5/10/17 – Call to Order | | |
| D-2 | Council Video 5/10/17 – Agenda Item 50 | | |
| D-3 | Council Video 5/10/17 – Agenda Item 51 | | |
| D-4 | Council Video 5/10/17 – Agenda Item 59 | | |
| D-5 | Council Video 5/10/17 – Agenda Item 60 | | |
| D-6 | Council Agenda 5/10/17 | | |
| D-7 | Council Agenda 5/10/17 – Item 50 attachments | | |
| D-8 | Council Agenda 5/10/17 – Agenda Item 51 attachments | | |
| D-9 | Council Agenda 5/10/17 – Agenda Item 59 attachments | | |
| D-10 | Council Agenda 5/10/17 – Agenda Item 60 attachments | | |
| D-11 | Facebook Post 5/9/17 – Chambers (23:02) | | Relevance (plaintiff's intent not at issue, and no evidence Scott Wilson viewed this item); not in initial disclosures and/or discovery; hearsay. |
| D-12 | Facebook Video 5/9/17 – Chambers (23:02) | | *Id*. |
| D-13 | Certified Transcript of Exhibit D-12 | | *Id*. |
| D-14 | Facebook Post 5/9/17 – Chambers (23:13) | | *Id*. |
| D-15 | Facebook Post 5/10/17 – Chambers (11:17) | | *Id*. |
| D-16 | Facebook Video 5/10/17 – Chambers (11:17) | | *Id*. |
| D-17 | Certified Transcript of Exhibit D-16 | | *Id*. |
| D-18 | Facebook Post 5/10/17 – Chambers (11:31) | | *Id*. |

| | | | |
|---|---|---|---|
| D-19 | Facebook Post 5/10/17 – Chambers (13:44) | | *Id.* |
| D-20 | Facebook Post 5/10/17 – Chambers (18:21) | | *Id.* |
| D-21 | Facebook Video 5/10/17 – Chambers (18:21) | | *Id.* |
| D-22 | Instagram Post 5/9/17 - Chambers | | *Id.* |
| D-23 | Facebook Post 5/10/17 – Collins (12:33) | | *Id.* |
| D-24 | Facebook Post 5/10/17 – Collins (21:40) | | *Id.* |
| D-25 | Facebook Post 5/10/17 – NAACP (09:55) | | *Id.* |
| D-26 | Facebook Video 5/10/17 – Brett Buffington (16:59) | | *Id.* |
| D-27 | Facebook Video 5/10/17 – Brett Buffington (17:07) | | *Id.* |
| D-28 | Facebook Post 5/9/17 – Baton Rouge Organizing (10:04) | | *Id.* |
| D-29 | Facebook Post 5/10/17 – PSNBR (09:12) | | *Id.* |
| D-30 | Facebook Post 5/11/17 – PSNBR (13:31) | | *Id.* |
| D-31 | Blog Post 5/10/17 – Rouge Collection | | *Id.* |
| D-32 | Blog Post 5/30/17 – Rouge Collection | | *Id.* |
| D-33 | News Article 5/10/17 – GBR Business Report | | *Id.* |
| D-34 | News Article 5/10/17 – WAFB | | *Id.* |
| D-35 | News Article 5/11/17 – BR Advocate (incl. pictures) | | *Id.* |
| D-36 | Talk 107.3 Interview 12/6/17 | | *Id.* |
| D-37 | Council Video 8/10/16 – Agenda Item 119 | | *Id.* |
| D-38 | Council Agenda 8/10/16 | | |
| D-39 | Instagram Post 5/10/17 – Chambers | | *Id.* |
| D-40 | Twitter Post 5/9/17 - Chambers | | *Id.* |
| D-41 | Council Video 5/25/16 – Agenda Item 13O | | Relevance; not in initial disclosures and/or discovery. |
| D-42 | Council Agenda 5/25/16 | | |
| D-43 | Deposition of Michael McClanahan | | Hearsay. |

11

| | | | |
|---|---|---|---|
| D-44 | Deposition of Gary Chambers | | Hearsay. |
| D-45 | Deposition of Eugene Collins | | Hearsay. |
| D-46 | Text Message Correspondence – Lt. Jonathan Dunnam and Scott Wilson | | Relevance. Not in initial disclosures and/or discovery. Hearsay. |
| D-47 | Retreat Materials – Metro Council Retreat Outline | | *Id.* |
| D-48 | Retreat Materials – Ch. 2 Open Meetings Law | | *Id.* |
| D-49 | Interrogatory Responses of Defendants | | Relevance; hearsay. |
| D-50 | Request for Admission Responses of Defendants | | *Id.* |
| D-51 | Request for Production Responses of Defendants | | *Id.* |
| D-52 | WAFB Channel 9 News Coverage 5/10/17 | Exhibit not provided by date of Pre-Trial Order. | Relevance. Not in initial disclosures and/or discovery. Not provided by date of Pre-Trial Order. Hearsay. |
| D-53 | WBRZ Channel 2 News Coverage 5/10/17 | Exhibit not provided by date of Pre-Trial Order. | *Id.* |
| D-54 | Council Video 4/12/17 – Item 82 | | Relevance. |
| D-55 | Council Agenda 4/12/17 | | |
| | Defendants reserve the right to supplement this list with exhibits from any other party, or for impeachment purposes, as needed. | | |

## 8. WITNESSES

(a) Plaintiff's Will-Call Witnesses:

- Michael McClanahan (Contact through counsel. Will testify about being removed from Metro Council).
- Gary Chambers (Contact through counsel. Will testify about being removed from Metro Council).
- Eugene Collins (Contact through counsel. Will testify about being removed from Metro Council).

(b) Plaintiff's May-Call Witnesses:

- Coby Weaver (2924 Iowa Street, Baton Rouge, LA. Will testify about being removed from Metro Council).

- Lynn Espinoza (Address unknown. Will testify about being removed from Metro Council).
- Sydney Epps (324 Peabody Hall, LSU, Baton Rouge, LA 70802. Will testify about being removed from Metro Council).
- Arthur Reed (Address unknown. Will testify about being removed from Metro Council).
- Any person necessary to authenticate the video excerpt exhibits.
- Any witness listed by any other party.

(c) Defendants' Will-Call Witnesses:

1. **Michael McClanahan** – events subject to this litigation and his deposition.
    - 1473 South Redondo Drive, Baton Rouge, LA 70815
2. **Gary Chambers** – events subject to this litigation and his deposition.
    - 6663 Willow Springs Road, Baton Rouge, LA 70811
3. **Eugene Collins** – events subject to this litigation and his deposition.
    - 17752 Macon Drive, Baton Rouge, LA 70817
4. **Lt. Jonathan Dunnam** – will testify as to the events subject to this litigation and his role as Sergeant at Arms for meetings of the Metropolitan Council.
    - 222 Saint Louis Street, Suite 902, Baton Rouge, LA 70802

(d) Defendants' May-Call Witnesses:

5. **Lt. Murial Hall** – will testify as to the events subject to this litigation
    - 222 Saint Louis Street, Suite 902, Baton Rouge, LA 70802
6. **Cpl. Garret Sylvan** – will testify as to the events subject to this litigation
    - 222 Saint Louis Street, Suite 902, Baton Rouge, LA 70802
7. **Casey Cashio** – will testify as to council policy and procedure as well as events subject to this litigation
    - 222 Saint Louis Street, Suite 902, Baton Rouge, LA 70802
8. **Ashley Beck** – will testify as to council policy and procedure as well as events subject to this litigation.
    - 222 Saint Louis Street, Suite 902, Baton Rouge, LA 70802
9. **Dr. Daniel Burch** – will testify as to events subject to this litigation
    - 10632 Ferncliff Avenue, Baton Rouge, LA 70815
10. **Ann Moore** – will testify as to events subject to this litigation
    - Address unknown
11. **Coby Weaver** – will testify as to events subject to this litigation
    - 2924 Iowa Street, Baton Rouge, LA
12. **Gabriela Lynn Espinoza** – will testify as to events subject to this litigation
    - 710 Park Boulevard, Baton Rouge, LA 70806
    - 1936 Myrtledale Avenue, Baton Rouge, LA 70808
13. **Sydney Epps** – will testify as to events subject to this litigation
    - 324 Peabody Hall, Louisiana State University, Baton Rouge, LA 70802
    - 1806 South Brightside View Drive, Apt. G, Baton Rouge, LA 70820
14. **Jennifer Harding** – will testify as to events subject to this litigation
    - 1634 Letitia Street, Baton Rouge, LA 70808

13

15. **Janet Mulder** – will testify as to events subject to this litigation
    - 9265 Bermuda Avenue, Baton Rouge, LA 70810
16. **Brett Buffington** – will testify as to footage taken on 10 May 2017 and coverage of these events
    - 1001 Avenida de las Americas, Houston, TX 77010
17. **Stephanie Riegel** – will testify as to coverage of events subject to this litigation
    - 9029 Jefferson Highway, Suite 300, Baton Rouge, LA 70809
18. **Andrea Gallo** - will testify as to coverage of events subject to this litigation
    - 10705 Rieger Road, Baton Rouge, LA 70809
19. **Hilary Scheinuk** - will testify as to coverage of events subject to this litigation
    - 10705 Rieger Road, Baton Rouge, LA 70809
20. **Rachael Thomas** - will testify as to coverage of events subject to this litigation
    - 844 Government Street, Baton Rouge, LA 70802
21. **Russell Kelly** – will testify as to his video exhibit, if necessary
    - 2822 Valcour Aime Avenue, Baton Rouge, LA 70820
22. **Phillip Lillard** – will testify as to his video exhibit, if necessary
    - 3062 Carmen Drive, Baton Rouge, LA 70809
23. **Janice Weber** – will testify as to his video exhibit, if necessary
    - 7345 Bonanza Place, Greenwell Springs, LA 70739
24. **Dan Weber** – will testify as to his video exhibit, if necessary
    - 7345 Bonanza Place, Greenwell Springs, LA 70739
25. **Don Ortega** – will testify as to his video exhibit, if necessary
    - 1579 Keed Avenue, Baton Rouge, LA 70806
26. **Jim Mora** – will testify as to this video exhibit, if necessary
    - 17761 Brookcrest Avenue, Baton Rouge, LA 70817
27. **Any person** necessary to authenticate any exhibit.
28. **Any witness** listed by any other party.

## 9. AMENDMENTS

None.

## 10. ADDITIONAL MATTERS

1. Plaintiffs' evidence will consist largely of video excerpts of Parish Council meetings presided over by Scott Wilson. Plaintiff's presentation of evidence will require 1-2 days.

2. Defendants' presentation of evidence will require 1 day.

3. Pursuant to a Consent Protective Order (R.Doc. 30), Scott Wilson has not been deposed, has not answered discovery inquiring into his thoughts or motivations, and will not testify at trial, provided Plaintiffs do not put on any evidence at trial that is unrelated to Mr. Wilson's role

as a councilman or President Pro Tempore.

4. By stipulation of the parties, memorialized on the record in Plaintiffs' depositions of 14 January 2019, Plaintiffs have agreed not to introduce conversations with Scott Wilson, or evidence of conversations with Scott Wilson, outside those that are on record during meetings of the Metropolitan Council.

5. This matter is designated as a jury trial. Plaintiffs contest this designation, as they did not request a jury trial, nor do Defendants have any right to a jury trial. Defendants requested a jury trial, to which they have a right.

6. The parties have exchanged settlement proposals, but their positions are not close. Parties are open to a settlement conference.

July 8, 2019  /s/ William Most
**DATE**  **ATTORNEY FOR PLAINTIFF**

July 8, 2019  /s/ Davis Rhorer, Jr.
**DATE**  **ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2019, a copy of *Proposed Pre-Trial Order* was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ William Most*
William Most