# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHAEL McCLANAHAN, ET AL.

VERSUS

SCOTT WILSON, ET AL.

CIVIL ACTION

NO. 17-1720-JWD-RLB

## RULING AND ORDER

This matter is before the Court on the *Motion to Strike Defendants' Jury Demand* (Doc. 32) filed by Plaintiffs Michael McClanahan, Gary Chambers, and Eugene Collins (collectively, "Plaintiffs"). Defendants City of Baton Rouge and Scott Wilson ("Wilson") (collectively, "Defendants") oppose the motion. (Doc. 35.) Plaintiffs have filed a reply. (Doc. 36.) The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and, for oral reasons assigned at the July 25, 2019, pretrial conference, granted Plaintiff's motion. The Court now assigns these written reasons.

## I.    Relevant Background

This suit arises from a Baton Rouge Metro Council meeting which took place on May 10, 2017. (*First Amended Complaint* ("*FAC*") ¶¶ 2–11, Doc. 2.) Plaintiffs are leaders in the African-American community. (*Id.* ¶ 5.) Scott Wilson was the Mayor Pro-Tempore of the Metro Council who was in charge of running council meetings. (*Id.* ¶ 19.)

Plaintiffs allege that they attempted to speak at this council meeting about the Alton Sterling shooting and their criticism of the Baton Rouge Police Department. (*Id.* ¶¶ 2–3.) However, as soon as Plaintiffs and others "said the words 'Alton Sterling,' 'Chief Dabadie,' or 'police department' – or gave any indication that's what they were there to talk about," Wilson ordered that the police remove them. (*Id.* ¶ 4.) Plaintiffs claim that this contrasted with Wilson's

treatment of other speakers who were allowed to finish their time, regardless of whether they stayed on topic or discussed agenda items. (*Id.* ¶ 10.)

Plaintiffs claim that Defendants violated their First Amendment rights by silencing their speech. Specifically, Plaintiffs assert:

> For these reasons, Plaintiffs seek a declaration from this Court that Scott Wilson's behavior of silencing the Plaintiffs based in the viewpoint expressed violated the First Amendment to the United States Constitution and the Louisiana State Constitution. To enforce these rights afforded by the United States Constitution, Plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, for declaratory relief against Scott Wilson's viewpoint discrimination. Plaintiffs also seek to recover all their attorneys' fees, costs and expenses incurred in this action and any other relief that this Court may order. *They are not seeking money damages.*

(*FAC* ¶ 12, Doc. 2 (emphasis added).) Plaintiffs also seek no damages in their prayer for relief:

### VII. PRAYER FOR RELIEF

> THEREFORE, Plaintiffs respectfully request that this Court enter the following relief:
>
> A. Enter a declaratory judgment, specifying Defendants' constitutional violations and declaring the rights of the Plaintiffs;
>
> B. Enter a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that Scott Wilson's removal of Plaintiffs was unconstitutional and in violation of 42 U.S.C. § 1983.
>
> C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, pursuant to 42 U.S.C. § 12205, 42 U.S.C. § 1988, 28 C.F.R. § 35.175, and 29 U.S.C. § 794a(b);
>
> D. Order such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

(*FAC*, Doc. 2 at 23.)

The *Uniform Pretrial Order* ("*PTO*") captures the heart of the instant motion. Specifically, the *PTO* contains the following statement from the parties:

> This matter is designated as a jury trial. Plaintiffs contest this designation, as they did not request a jury trial, nor do Defendants have any right to a jury trial. Defendants requested a jury trial, to which they have a right.

(*PTO*, Doc. 11 at 15.)

II. **Parties' Arguments**

Plaintiffs move to strike the demand for a jury trial which was made by Defendants in their pretrial order. Plaintiffs argue that Defendants have no right to a trial by jury. Plaintiffs identify a two-part test to determine if a jury right attaches, the second prong of which requires the Court to "examine the remedy sought and determine whether it is legal or equitable in nature." (Doc. 32-1 at 3 (citing *Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)).) According to Plaintiffs, "a remedy is legal if it is for monetary damages, and not otherwise." (*Id.* (citing *Curtis v. Loether*, 415 U.S. 189, 196 (1974)).) If the remedy is equitable and not legal, there is no right to a jury trial. Here, Plaintiffs specifically state in their operative complaint that they are not seeking monetary damages, so there is no right to a trial by jury arising from Plaintiffs' request for declaratory relief.

Defendants respond first by essentially repeating the two-part test cited by Plaintiffs. However, Defendants focus their efforts on *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687 (1999), where the Supreme Court allegedly held that the right to trial by jury attaches to § 1983 actions and analogized these cases to tort suits. Defendants maintain that this case requires the resolution of factual and legal issues. Further, Plaintiffs specifically reserved their right to other relief available "at law or in equity" to which they may be justly entitled. Intent is critical here, and that requires the resolution of credibility and facts which are more appropriate for a jury. Equally important, Defendants have asserted qualified immunity, and that must be determined by the jury. The fact that Plaintiffs asserted a claim for declaratory relief is irrelevant,

as declaratory actions are neither equitable nor legal. Defendants close by attempting to distinguish Plaintiffs' cases and by arguing that they told Plaintiffs that they would seek a jury.

Plaintiffs reply: "Defendants get the right-to-a-jury analysis completely wrong." (Doc. 36-1.) Plaintiffs point to the text of the Seventh Amendment and argue that they seek no monetary relief at all. Thus, there is no right to trial by jury. Further, Plaintiffs assert that Defendants point to no case which stands for the proposition that there is a right to trial by jury in a § 1983 declaratory relief case. Plaintiffs close by saying that Defendants argue non-sequiturs: (1) credibility and factual disputes are not controlling; the nature of the relief sought is; and (2) qualified immunity is immunity from damages, not declaratory relief.

### III. Analysis

#### A. Right to Jury Trial Generally

Federal Rule of Civil Procedure 38 provides in relevant part: "The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Rule 39 then states:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury *unless*:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> *(2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.*

Fed. R. Civ. P. 39(a) (emphasis added).

Here, Defendants allege a federal right to a jury trial under the Seventh Amendment, which provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-

examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

"The Seventh Amendment provides for the right to a jury trial in cases that are legal in nature, but not for those which are equitable in nature." *City of El Paso, Tex. v. El Paso Entm't, Inc.*, 464 F. App'x 366, 370 (5th Cir. 2012) (per curiam) (citing *Ross v. Bernhard*, 396 U.S. 531, 533 (1970)). "If a statute does not expressly grant the right to a jury trial, then a court 'must examine both the nature of the action and of the remedy sought. First, [it must] compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. . . . Second, [it must] examine the remedy sought and determine whether it is legal or equitable in nature.' " *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)).

### B. Right to Jury Trials for Actions Seeking Declaratory Relief

" '[A]n action for declaratory relief can be either legal or equitable, depending upon whether the action is simply an inverted lawsuit for legal relief or the counterpart of a suit in equity.' " *City of El Paso,* 464 F. App'x at 370 (citing *Terrell v. DeConna*, 877 F.2d 1267, 1273 (5th Cir. 1989)). As one treatise explained:

> A declaratory judgment is neither a legal nor an equitable remedy. [9 C. Wright & A. Miller, Federal Practice and Procedure § 2313 (1995).] Whether a right to trial by jury exists when a declaratory judgment is sought in federal court depends on whether the claim asserted is a counterpart to a suit in equity or to an action at law.[(citations omitted).] As a leading authority states:
>
>> If there would have been a right to jury trial on the issue if it had arisen in an action other than for a declaratory judgment, it must be tried to a jury in the declaratory action. There is no right to trial by jury if, absent the declaratory procedure, the issue would have arisen in an equitable proceeding. [Wright and Miller, *supra*, § 2313 at 110 (footnotes omitted).]

In *Northgate Homes Inc. v. City of Dayton*, [126 F.3d 1095 (8th Cir.

> 1997)] the Eighth Circuit in a § 1983 action provided a valuable analysis of the right to a jury trial when declaratory relief is sought. The court stated:
>
>> Although the declaratory judgment procedure largely originated in equity, declaratory relief per se is neither legal nor equitable. The fact that a declaratory judgment is sought neither restricts nor enlarges any right to a jury trial that would exist if the issue were to arise in a more traditional kind of action for affirmative relief. To determine whether there is a right to a jury trial in a declaratory judgment action, it is necessary first to determine the nature of the action in which the issue would have arisen absent the declaratory judgment procedure. In other words, if there would have been a right to a jury trial on the issue had it arisen in action other than one for declaratory judgment, then there is a right to a jury trial in the declaratory judgment action; conversely, there is no right to a trial by jury if, absent the declaratory judgment procedure, the issue would have arisen in an equitable proceeding.
>
> [*Northgate Homes*, 126 F.3d at 1099.]

Martin A. Schwartz, *Section 1983 Litigation Claims and Defenses* § 16.02[E] (4th ed. 2019).

### C. Analysis

Having carefully considered the law and facts in the record, and applying the above legal framework, the Court finds that, regardless of whether Plaintiffs' relief is characterized as equitable or legal, the Defendant is not entitled to a jury trial. If the relief is equitable, then there is no right to a jury trial under the Seventh Amendment in a § 1983 action. *See Harkless v. Sweeny Independent School District*, 427 F.2d 319, 323–24 (5th Cir. 1970) (finding that district court committed reversable error by trying an equitable claim for back pay to a jury); *see also* Schwartz, *supra*, § 16.02[D] ("The Seventh Amendment does not guarantee a jury trial in a federal court § 1983 action solely for equitable relief" like injunctions. (citations omitted)). This does not seem to be seriously disputed.

However, the Court also finds that, even if the Plaintiff's claim for declaratory relief could

6

be characterized as a claim at law, there would still be no right to a jury trial. Again, the Seventh Amendment states in relevant part: "In Suits at common law, *where the value in controversy shall exceed twenty dollars*, the right of trial by jury shall be preserved[.]" U.S. Const. amend. VII (emphasis added). Here, as Plaintiffs argue, they seek *no* damages for the violation of their rights—not even nominal damages. (*FAC* ¶ 12, Doc. 2; *see also id.* at 23 (Prayer for Relief).) As the above treatise explains:

> There is a right to trial by jury in federal court § 1983 actions when a claim is asserted in excess of $20 for compensatory or punitive damages. [(citing, *inter alia*, *City of Monterey v. Del Monte Dunes*, 526 U.S. 687 (1999))] Because the Seventh Amendment applies to claims in excess of $20, if the allegations of a plaintiff's complaint entitle the plaintiff "to no more than nominal damages, the seventh amendment will not be applicable because of an insufficient amount in controversy." [*Burt v. Abel*, 585 F.2d 613, 616 n.7 (4th Cir. 1978).]

*Schwartz, supra*, § 16.02[C].

Similarly, the Court finds particularly persuasive the case of *Robinson v. Larson*, No. 13-387, 2018 WL 6028819, at *2 (N.D. Fla. Oct. 17, 2018), *report and recommendation adopted*, 2018 WL 6025854 (N.D. Fla. Nov. 16, 2018). There, the magistrate judge recommended that the district court grant the defendants' motion to withdraw a jury demand. After noting that it previously found that plaintiff was only entitled to recover nominal damages, the magistrate judge explained:

> Here, plaintiff is not entitled to a jury trial because his potential recovery cannot exceed the $20 threshold set by the Seventh Amendment. Nominal damages are "a trivial sum awarded for symbolic, rather than compensatory, purposes[.]" *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 868 F.3d 1248, 1268 (11th Cir. 2017); *see also Cummings v. Connell*, 402 F.3d 936, 943 (9th Cir. 2005) ("Nominal damages, as the term implies, are in name only and customarily are defined as a mere token or 'trifling.' "); *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1262-71 (10th Cir. 2004) (McConnell, J., concurring) ("Nominal

damage awards serve essentially the same function as declaratory judgments; indeed, scholars tell us that nominal damages were originally sought as a means of obtaining declaratory relief before passage of declaratory judgment statutes.") (citations omitted).

Both § 1983 caselaw and the Eleventh Circuit pattern jury instructions governing plaintiff's claim indicate the appropriate measure of nominal damages is $1.00. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding if plaintiffs were entitled to nominal damages for a procedural due process violation, the damages should not exceed one dollar); *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005) ("one dollar is recognized as an appropriate value for nominal damages"); *Whitfield v. Thompson*, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (noting "nominal damages do not generally exceed one dollar"); Eleventh Circuit Pattern Jury Instructions (Civil Cases) Civil Right Constitutional Claims Instruction 5.13 ("If [name of plaintiff] has failed to prove that [he/she] suffered more than a minimal physical injury, then you must award nominal damages of $1.00.").

Other courts addressing the argument raised by defendants have concluded a plaintiff limited to recovering nominal damages is not entitled to a jury trial. *See Van Wie v. Pataki*, 267 F.3d 109, 115 n.4 (2d Cir. 2001) ("We additionally note generally that in nominal damages cases, when such damage requests are below twenty dollars, there is no right to a jury trial."); *Burt v. Abel*, 585 F.2d 613, 616 n.7 (4th Cir. 1978) (if plaintiff's claims "entitle him to no more than nominal damages, the seventh amendment will not be applicable because of an insufficient amount in controversy"); *Gonzalez v. Joey*, CIV No. 12-834 RB/GBW, 2015 WL 13665476 (D.N.M. Feb. 6, 2015) (finding "Plaintiff is not entitled to a jury trial because he cannot receive compensatory or punitive damages" and "his sole available remedy is for injunctive relief or nominal damages") *Report and Recommendation adopted by* 2015 WL 13665477 (D.N.M. Feb. 27, 2015); *Shabazz v. Norris*, 5:03CV00401-WRW/BD, 2007 WL 2819517 (E.D. Ark. Sept. 26, 2007) ("The Eighth Circuit has ruled that a prevailing plaintiff does not have a right to a jury trial solely on the issue of nominal damages.") (citations omitted); *Wigg v. Sioux Falls Sch. Dist. 49-5*, 274 F. Supp. 2d 1084 (D.S.D. 2003) ("Plaintiff is not entitled to a jury trial in this matter because if she prevails, her nominal damages award will be $1.00, which does not exceed the twenty dollar threshold required by the Seventh Amendment."), *rev'd in part on other grounds*, 382 F.3d 807 (8th Cir. 2004).

*Robinson*, 2018 WL 6028819, at *1–2.

The same reasoning applies here. Even if Plaintiff's declaratory relief could be considered an action at law, any damages would be, at most, nominal, and such damages generally do not exceed the jurisdictional threshold for a jury demand under the Seventh Amendment. Indeed, this reasoning applies with even greater force here, as Plaintiffs do not even seek nominal damages; they seek no damages. For these reasons, the Court will grant Plaintiffs' motion.

### D. Defendants' Arguments Fail

Defendants' other arguments are unavailing. They cite *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017) for the proposition that qualified immunity is a jury question, but this case involved the granting of a summary judgment in a suit for damages. It did not involve the specific question raised by this motion. In any event, Plaintiffs appear correct that qualified immunity is only a defense in claims for damages and would thus not be applicable here. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("We therefore hold that government officials performing discretionary functions generally are shielded from liability for *civil damages* insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (emphasis added)); *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) ("The *Harlow* right to immunity is a right to immunity *from certain claims,* not from litigation in general" (emphasis in original)); *Scribner v. Linthicum*, 232 F. App'x 395, 397 (5th Cir. 2007) (per curiam) ("Neither absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983." (quoting *Chrissy F. by Medley v. Mississippi Dep't of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991)); *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001) ("The defense of qualified immunity protects officials from individual liability for money damages but not from declaratory or injunctive relief." (citation omitted)); *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 648, 658 (N.D. Miss. 2013)("qualified immunity only extends to the § 1983

9

claims for damages. . . . Thus, because the present motion requests dismissal on qualified immunity grounds, Plaintiff's § 1983 claims for declaratory relief against these Defendants in their individual capacities survive the present motion.").

Plaintiffs are also correct that their request for "other relief" does not entitle Defendants to a jury. In *Thunderhorse v. Pierce*, 364 F. App'x 141 (5th Cir. 2010) (per curiam), the Fifth Circuit found that Plaintiff had no right to a jury trial despite the fact that he demanded: "(1) declaratory judgment, (2) injunctive relief, (3) costs of the suit, (4) attorney fees, and (5) other relief deemed proper by the court." *Id.* at 148. Defendants' emphasis that *Thunderhorse* involved equitable remedies ignores their own argument that "other relief" somehow creates issues for the jury where there otherwise is none.

Defendants' reliance on *City of Monterey* is also misplaced. There, the Supreme Court held "that a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment." *City of Monterey*, 526 U.S. at 709. The Supreme Court also held that "the issue [of] whether a landowner has been deprived of all economically viable use of his property is a predominantly factual question" and that "in actions at law *otherwise within the purview of the Seventh Amendment*, this question is for the jury." *Id.*, 526 U.S. at 720–21 (emphasis added). Thus, the Seventh Amendment's amount in controversy requirement was never at issue in *City of Monterey*, particularly since the damage award exceeded one million dollars. *Id.*, 526 U.S. at 701. Further, to the extent the amount in controversy requirement was referenced at all (which is doubtful), the majority opinion recognized that § 1983 action is triable by jury only if it is "otherwise within the purview of the Seventh Amendment"—i.e., the $20 amount in controversy requirement is met. Thus, *City of Monterey* does not entitle Defendants to relief.

Lastly, Defendants urge the need for credibility determinations and the resolution of factual

disputes, but the Court agrees with Plaintiffs that the key is the nature of the relief sought. Here, under the above framework, regardless of whether Plaintiffs' claim for declaratory relief would be considered equitable or legal, Defendants are not entitled to a jury.

## IV. Conclusion

For all these reasons,

**IT IS ORDERED** that the *Motion to Strike Defendants' Jury Demand* (Doc. 32) filed by Plaintiffs is **GRANTED** and that this matter will be tried before the district judge.

Signed in Baton Rouge, Louisiana, on July 31, 2019.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**