UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL MCCLANAHAN, ET AL. | CIVIL ACTION |
| VERSUS | |
| SCOTT WILSON, ET AL. | NO.: 17-1720-JWD-RLB |

**MEMORANDUM IN SUPPORT OF DEFENDANT, SCOTT WILSON, IN HIS OFFICIAL CAPACITY AS MAYOR PRO TEMPORE, OF CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE, SUPPLEMENTAL MOTION IN LIMINE**

MAY IT PLEASE THE COURT:

Motions in limine were due on Friday, September 25, 2020. The parties were ordered to meet and confer before motions were filed.

Following the meet and confer, plaintiffs' attorney emailed defense counsel on Thursday, September 24, 2020, and advised that "Plaintiff's Exhibits 14, 21" were "off of...exhibit list." See emails attached hereto as Exhibit A.

Accordingly, when defense counsel filed motions in limine on Friday, September 25, 2020, no objection was made to Plaintiff Exhibit 1 as plaintiff counsel advised the exhibit had been withdrawn.

On Monday, September 28, 2020, at 2:24 p.m., plaintiff counsel emailed defense counsel that he apparently now intended to offer Exhibit 1. Defendant is forced to supplement the motion in limine filed in the Friday, September 25, 2020 deadline to now seek to exclude Plaintiff Exhibit 1 from evidence.

Motion To Exclude Plaintiff Exhibit 1

Plaintiffs refer to their Exhibit 1 as a Rule 1006 Summary of Video Evidence.

-1-

Federal Rule of Evidence 1006 provides:

> Rule 1006.  Summaries to Prove Content
>
> The proponent may use a summary, chart or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.  And the court may order the proponent to produce them in court.

"Rule 1006 applies to summary charts based on evidence previously admitted but which is so voluminous that in-court review by the [trier of fact[ would be inconvenient."[1]  But if a summary or chart is merely offered for illustrative or pedagogical purposes to organize or aid the presentation of a party's case, Rule 1006 is inapplicable.[2]

Plaintiffs seek to introduce two charts, attached herein as *Defendant's Limine Exhibit B and Defendant's Limine Exhibit C*, which unilaterally characterizes and argues the content of their video evidence they intend to introduce at trial.  In the far right column, Plaintiffs counsel has listed the exhibit number for each video, indicating that it intends to introduce these videos in evidence at trial.  Handwritten notes by defense counsel indicate other exhibits that contain these same videos.  The chart seeks to unilaterally characterize and "summarize" even though the actual videos will be offered in evidence at the trial.  It is estimated that these videos amount to 30 minutes of run time and are certainly not voluminous.  The exhibit is highly prejudicial, possesses nonexistent evidentiary value, is factually inaccurate, and is deliberately inflammatory.  Rule 1006 was never designed for these purposes.

---

[1] *U.S. v. Taylor*, 210 F.3d 311, 316 (5th Cir. 2000).

[2] *U.S. v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003), *see also U.S. Milkiewicz*, 70 F.3d 390, 397 (1st. Cir. 2006).

The "voluminous" recordings it seeks to organize are various clips from nine agenda items across six different council meetings. They amount to less than thirty minutes of video runtime. All of these recordings are already listed as exhibits by Plaintiffs or Defendant, and are available to the trier of fact for review during trial, should their relevance be established. In other words, Defendant urges they are in no conceivable way "voluminous."

Further, the headings Plaintiffs have chosen are deliberately argumentative and otherwise not neutral. They are:

> Scott Wilson Expels Members of Public who Mention Alton Sterling
> or Critize the BRPD, Whether On or Off-Topic

> Scott Wilson Does Not Expel Members of Public who are Off-Topic,
> so long as they do not Mention Alton Sterling or the BRPD

These headings purport to resolve this suit without need for a trial on the merits. They declare, without a ruling from the trier of fact, that Scott Wilson, in his official capacity as Mayor Pro Tempore, and therefore the City of Baton Rouge, Parish of East Baton Rouge, engages in viewpoint discrimination. They make a determination that commentary was either on or off topic, without offering any basis for doing so and certainly not letting the Court make the determination. They resolve Scott Wilson's and the City/Parish's intent and mindset without a scintilla of evidence. Mr. Wilson will not be taking the stand at trial, and there exists no record of discovery as to his intent or motives. Yet Plaintiffs conclude motive is the mere "mention" of Alton Sterling or the Baton Rouge Police Department. There is no evidence to support this assertion, nor will Plaintiffs be able to present any at trial. It is for the trier of fact to review this random collection of videos and draw his own conclusions.

The content of the chart is also inflammatory, and lacks any evidentiary basis. Plaintiffs

include spliced quotes, and Scott Wilson's alleged motivations, under a heading captioned "Discusses." For example, they simply put "police department..." next to Mr. Chambers entry. But Mr. Chambers offered extended comments, and had to be forcibly removed from the Council meeting for deliberately disobeying the chair and disregarding his instructions. The exhibit, however, implies Mr. Chambers merely said "police department" triggering his expulsion by Mr. Wilson. This is nothing more than speculation into Mr. Wilson's intent and motives, without evidentiary basis.

Plaintiffs also summarize the remarks of every other speaker when the trier of fact is more than capable of watching the full exchange himself, should the court determine the videos are relevant and admissible. (Defendant seeks to exclude many of the videos on the charts.) What Plaintiffs assert a speaker "Discusses" is, in actuality, their own substitute of Mr. Wilson's judgment and mindset. They wish to determine whether someone was on or off topic, and penalize Mr. Wilson in his official capacity, the City/Parish, for not agreeing with them. They need to lay an evidentiary foundation to make such a claim, namely, that Mr. Wilson understood the comments to be off-topic but allowed them to proceed, or on-topic but of a viewpoint he did not wish to entertain. This is one of the many evidentiary burdens Plaintiffs must carry at trial that should not be sidestepped through use of this exhibit.

Finally, the Exhibit is factually inaccurate. The exhibit states that Mr. Wilson allowed Mr. Jim Mora to "read Dr. Seuss" at a 2014 meeting without expelling him. In addition to implying this comment was off-topic without evidentiary support, Mr. Wilson was not even appointed President Pro Tempore until 2017. The chair of the 2014 meeting would have been Mr. Chandler Loupe.

The exhibit possesses no probative or evidentiary value, is factually inaccurate, and is

extremely prejudicial and inflammatory.  It should be excluded from trial.  Neither Federal Rule of Evidence 1006 nor any other rule of evidence allows use of Plaintiff Exhibit No. 1.

## CONCLUSION

Rule 1006 is inapplicable because there are no voluminous writings, records or photographs that cannot be produced in court.  Exhibit 1 is actually two different charts with two different titles.  The column headers are not neutral, are argumentative and are mischaracterizations, similar to hearsay testimony by an unknown party.  Agenda item topics are not complete.  Items under "Discuss" are not complete.  Items for dates other than May 10, 2017 are irrelevant to the case or plaintiffs' claim.  Scott Wilson was not even the presiding officer on some days, particularly May 14, 2014.  Events occurring after May 10, 2017 are irrelevant and inadmissible for establishing what took place or occurred on May 10, 2017.  (See chart and the last entry on Chart 1.)

Respectfully Submitted:

s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
5551 Corporate Blvd., Suite 101
Baton Rouge, LA 70808
Telephone: (225) 231-1453
Facsimile: (225) 231-1456
Email:  celiacan@bellsouth.net

*Attorney for Defendant, Scott Wilson, in his official capacity as Mayor Pro Tempore of the City of Baton Rouge, Parish of East Baton Rouge*