UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL McCLANAHAN, et al.

v.                                                                 No. 17-cv-01720-JWD-RLB

SCOTT WILSON, et al.

**OPPOSITION OF SCOTT WILSON, IN HIS OFFICIAL CAPACITY
AS MAYOR PRO TEMPORE OF CITY OF BATON ROUGE/PARISH
OF EAST BATON ROUGE, TO PLAINTIFFS' MOTION
IN LIMINE (DOC 115)**

MAY IT PLEASE THE COURT:

It appears that plaintiffs base their claims and the facts they believe they need to prove at trial on *Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017). The case is procedurally distinguishable, as the official presiding at the meeting of the Gretna City Council, defendant Christopher Roberts was sued in his individual capacity, and defendants, Jefferson Parish and the City of Gretna, were sued as vicariously liable.

In the case before the Court, Scott Wilson is sued in his official capacity as Mayor Pro Tempore of the City of Baton Rouge, Parish of East Baton Rouge, equivalent to, redundant to and the same as suing the entity itself, City of Baton Rouge/Parish of East Baton Rouge. (See Doc 121-1).

*Monell v. Dept. of Social Services of the City of New York*, 98 S.Ct. 2018 (1978), throws a kink in the plaintiffs' limited evaluation of the *Heaney* case. "A plaintiff asserting a Section 1983 claim against a municipal official in his official capacity or a Section 1983 claim against a municipality 'must show that the municipality has a policy or custom that caused his injury. To

-1-

establish official policy, plaintiff must prove any of the following: 1. A copy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's law making officers or by an official to whom the lawmakers have delegated the policy making authority; or 2. A persistent, widespread practice of the officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy making authority." See *Lefebure v. Boeker*, 390 F.Supp.3d 729, 754 (U.S. D.Ct. M.D. La 6/25/19).

Plaintiffs cannot sustain this burden of proof. Plaintiffs have not identified an express policy that led to the alleged deprivation of their constitutional rights, or an express policy of shutting down black people and allowing white people to talk (ridiculous to assume the council would ever adopt such a policy.) Or an express policy of the Metropolitan Council of only finding those that mention Alton Sterling or police officers off topic, or a widespread accepted practice of council officials and employees to constitute custom equal to a policy.

The only policy that will be shown is the council's adherence to the Open Meetings Law, referenced in the Plan of Government, which Open Meetings Law is not intended to give the public a chance to address the council on issues unrelated to those being discussed at the meeting and which provisions do not prohibit the removal of persons or persons who willfully disrupt a meeting to the extent that orderly conduct of the meeting is seriously compromised. The open meetings law is not violated by removing plaintiffs for talking off topic on specific agenda items.

The May 10, 2017 meeting, particularly with respect to the "removal" of the three plaintiffs

for speaking off topic during the public comment time for a particular agenda Item, was conducted in accordance with the City and Parish Ordinances, the Plan of Government, the Open Meetings Law, as well as Louisiana Attorney General opinions authorizing the actions taken.

§ 4.05 of the Plan of Government for the City of Baton Rouge/Parish of East Baton Rouge requires the President Pro Tempore to preside over meetings of the Metropolitan Council with the right to speak and vote. Further, § 1:7(a) of the Code of Ordinances permits members of the public to speak "on any item included in the agenda."

The City/Parish, its Metropolitan Council, and the chairman of that Council, are required to abide by state law, including Louisiana's Open Meetings Law.

Baton Rouge Code of Ordinances, § 1.7(a), makes explicit reference to La. R.S. 42:5(D), a component of the Open Meetings Law (since redesignated as La. R.S. 42:14(D)). It provides in relevant part:

> Except school boards, which shall be subject to R.S. 42:15, each public body conducting a meeting which is subject to the notice requirements of R.S. 42:19(A) **shall allow a public comment period** at any point in the meeting prior to action on an agenda item upon which a vote is to be taken. The governing body may adopt reasonable rules and restrictions regarding such comment period. (emphasis added)

Several Attorney General Opinions have addressed the subject.

> In answer to your second question, it is the opinion of this office that the intent of this statute is to afford the public a right to comment on issues being discussed at each particular meeting. **It is not intended to give the public a chance to address the council on issues unrelated to those being discussed at the meeting**. Items subject to public comment include those items found on the agenda and items added to the agenda by the board during the meeting. Therefore, the public comment requirement of La. R.S. 42:5(D), generally applies to agenda items only (emphasis added). See La. Atty. Gen. Op. No.

01-367, 2002 WL 242016.

"Although La. R.S. [42:14] clearly provides for public comment, this right has been interpreted to apply only to a public body's consideration and deliberation of agenda items. See, La. Atty. Gen. Op. No. 08-0325, 2009 WL 685303.

As opined by the Attorney General, there are hazards involved in taking up items not properly noticed on the Agenda, because doing so risks the type of "subterfuge" that may defeat the purposes of the Open Meetings Law. See, La. Atty. Gen. Op. No. 08-0325, 2009 WL 685303.

Finally, while the Open Meetings Law broadly provides for members of the public to attend all public meetings, there are exceptions. Per La. R.S. 42:17(C):

> The provisions of this Chapter shall not prohibit the removal of any person or persons who **willfully disrupt** a meeting to the extent that orderly conduct of the meeting is seriously compromised.
> (emphasis added)

The Louisiana Attorney General, in response to a request for clarification from Mr. John Diasselliss, Asst. District Attorney for St. John the Baptist Parish, clarified the right of the Chairman of a public meeting to order the removal of an individual who refuses to comply with the Chair's orders:

> Considering this provision, it is the provision of this office that a person or person, even an appointed or elected official, who willfully disrupt a meeting to an extent that orderly conduct of the meeting is seriously compromised may be removed, by lawful force if necessary. Under these circumstances, **the open meetings law is not violated by removing the disruptive person** or official from the meeting. (emphasis added) See, La. Atty. Gen. Op. No. 91-19, 1991 WL 57273.

President Pro Tempore Wilson, as chair of the Metropolitan Council meeting on May 10, 2017, had an extraordinary obligation to ensure the meeting was conducted in accordance with City

and Parish Ordinances, the Plan of Government, and the Open Meetings Law. The evidence at trial will show that he did so on May 10, 2017.

Even as discussed by the Fifth Circuit in *Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017), the Constitutional right at issue in a viewpoint discrimination claim is the First Amendment right to be free from viewpoint discrimination in a limited public forum. The meeting of the Metropolitan Council qualifies as a limited public forum. The government can restrict or regulate speech in a limited public form "as long as the regulation '(1) does not discriminate against speech on the basis of viewpoint and (2) is reasonable in light of the purpose served by the forum'." A claim of viewpoint discrimination in contravention of the First Amendment requires a plaintiff to show that the defendant acted with a viewpoint discriminatory purpose.

The Fifth Circuit held in *Heaney v. Roberts*, *supra*, 802, "If Heaney were to have violated a reasonable restriction, such as a topic or time constraint, there would be no constitutional violation." The evidence will show that each plaintiff violated a reasonable restriction, each plaintiff was not discussing the agenda item but rather talking off topic. Accordingly, no constitutional violation can be found by the Court. The Fifth Circuit even goes on to state that "No violation occurs when the same result would have occurred in the absence of any illegitimate motive." It is only if a plaintiff was not silenced for violating a reasonable restriction that the First Amendment claim would turn on the Mayor Pro Tempore's motive or intent. But since this case is against Scott Wilson in his official capacity, plaintiffs must first demonstrate a policy or custom of the City/Parish that caused the alleged constitutional violation. Failing that showing, the case must be dismissed

**I.     Background of Plaintiffs' Appearance at May 10, 2017 Meeting Is Admissible Evidence**

The background facts regarding plaintiffs' presence at the May 10, 2017 meeting are not

irrelevant. Those facts are outlined by plaintiffs in the Amended Complaint (Doc 2, paras. 22-28) and even form the basis for one of the few agreed upon established facts. See Doc 110, p. 7, Item 2. Moreover, the documents are admissible as part of the depositions taken of the plaintiffs to be introduced as Defendant Exhibits 43, 44 and 45. Those exhibits not contained in the depositions admissible under F.R.C.P. 32(a) can be introduced through plaintiffs' testimony at trial.

See Doc 116, Defendant Wilson's Exhibit List foiled September 28, 2020, indicating that D. Ex. 11, 12, 13, 16, 17, 18, 19, 23, 25 and 39 are exhibits to the depositions.

We note also that plaintiffs seek to exclude D. Ex. 52 and 53; and there are no such exhibits.

**II.   The Witnesses Plaintiffs Seek To Exclude Under No. II Are Not Witnesses Defendants Plan To Use**

See Defendant's Witness list filed September 28, 2020 (Doc 116). See also the Amended Pretrial Order (Doc 110) filed August 28, 2020. These witnesses are not listed by Defendant on either document.

**IV.   Lt. Johnny Dunham**

Lt. Johnny Dunham will be called to testify if defendant chooses to call him at trial as to the events of May 10, 2020, of which his particular knowledge as he is the officer who followed orders and removed those talking off-topic from the podium at the time of public comments. He can also authenticate and identify D. Ex. 46, a text message between himself and Scott Wilson.

## CONCLUSION

This motion in limine is curious as it was filed September 25, 2020 and seeks to exclude witnesses not listed by defendant on the Pretrial Order filed August 24, 2020, and also seeks to exclude Defendant's Exhibits 52 and 53 not listed on the Pretrial Order.

This Court and undersigned counsel deserve better than this.

    By Attorney:

    s/Celia R. Cangelosi
    CELIA R. CANGELOSI
    (Bar Roll No. 12140)
    5551 Corporate Blvd., Suite 101
    Baton Rouge, LA 70808
    PHONE: (225) 231-1453
    FAX: (225) 231-1456
    celiacan@bellsouth.net
    *Attorney for Defendant, Scott Wilson, in his official capacity as Mayor Pro Tempore of the City of Baton Rouge, Parish of East Baton Rouge*

This Court and undersigned counsel deserve better than this.

    By Attorney:

    s/Celia R. Cangelosi
    CELIA R. CANGELOSI
    (Bar Roll No. 12140)
    5551 Corporate Blvd., Suite 101
    Baton Rouge, LA 70808
    PHONE: (225) 231-1453
    FAX: (225) 231-1456
    celiacan@bellsouth.net
    *Attorney for Defendant, Scott Wilson, in his official capacity as Mayor Pro Tempore of the City of Baton Rouge, Parish of East Baton Rouge*