UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL McCLANAHAN, et al.

v.                                                                    No. 17-cv-01720-JWD-RLB

SCOTT WILSON, et al.

**TRIAL BRIEF SUBMITTED BY DEFENDANT, SCOTT WILSON, IN HIS OFFICIAL CAPACITY AS MAYOR PRO TEMPORE OF CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE**

MAY IT PLEASE THE COURT:

This matter is set for trial to begin on October 19, 2020, conducted via ZOOM. Defendant, Scott Wilson, in his official capacity as Mayor Pro Tempore of City of Baton Rouge/Parish of East Baton Rouge (hereinafter Mayor Pro Tem Wilson), submits this trial brief timely.

**Motion To Dismiss**

Pending before the Court with a request for expedited hearing and to be decided in advance of trial is Motion To Dismiss (Doc 121) filed by Mayor Pro Tem Wilson on September 30, 2020. Also pending is a request for expedited hearing (Doc 122) and a request for leave to file memorandum in support of the request for expedited hearing (Doc 125).

In as much as a favorable ruling on the Motion To Dismiss will resolve the case in its entirety and obviate the need for a trial on October 19, 2020, Defendant will brief the motion to dismiss here first. Because the motion challenges subject matter jurisdiction, defendant believes the law requires a decision thereof prior to trial on the merits.

**Procedural Background for Motion To Dismiss**

The First Amended Complaint (Doc 2) was filed on December 12, 2017 by three plaintiffs,

Michael McClanahan, Eugene Collins and Gary Chambers. Named as defendants were "Defendant Scott Wilson (in his official capacity) and the City of Baton Rouge (collectively Defendants)". (Doc 2, ¶ 1) In describing Scott Wilson's official capacity in ¶ 19, Councilman Wilson is described as Mayor Pro Tempore of the Metro Council. Paragraph 20 describes Defendant City of Baton Rouge as a political subdivision of the State of Louisiana with the city's governing authority consolidated with the government of East Baton Rouge Parish ("City Parish").

The case is an action brought under 42 U.S.C. § 1983 seeking declaratory relief against both Defendants declaring that the "removal" of plaintiffs from making public comments at a Metro Council meeting on May 10, 2017 was a constitutional violation. Plaintiffs also seek an award of costs and attorney fees. (Doc 2, Prayer For Relief)

On August 5, 2020, plaintiffs filed *Motion For Partial Dismissal With Prejudice* (Doc 104). In the motion, plaintiffs represented that they decided to dismiss their claims against the Defendant, City of Baton Rouge/Parish of East Baton Rouge ("City Parish"), with prejudice. The motion further represented that "Plaintiffs will reserve any and all rights they have against Defendant, Scott Wilson." (Doc 104, ¶ 1) By Order (Doc 105) signed August 6, 2020, this Court granted the requested relief. The pertinent part of the Court's Order (Doc 105) reads:

> IT IS ORDERED, ADJUDGED AND DECREED that all claims of the Plaintiffs, Michael McClanahan, Gary Chambers, and Eugene Collins against the Defendant, City of Baton Rouge/Parish of East Baton Rouge be are hereby dismissed, with prejudice.
> (Emphasis added)

**Argument on Motion To Dismiss**

**The Two Defendants In This Case Are the Same Party**

A suit against a government official in his official capacity is the equivalent of filing suit

against the government entity of which the officer is the agent. *Monell v. New York City Dept. Of Social Serv. of City of New York,* 436 U.S. 691, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 661 (1998). In *Lebebure v. Bocker*, 390 F.Supp.3d 729, 753-754, Judge Dick of this Court found, "Accordingly, the claims against the DA in his official capacity are, in effect, claims against the municipal entity he represents which is the West Feliciana Parish District Attorney's office."

In *Kentucky v. Graham,* 105 S.Ct. 3099, 3105 (1985), the United States Supreme Court defined the differences between personal and official capacity actions:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. See, *e.g., Scheuer v. Rhodes*, 416 U.S. 232, 237-238, 94 S.Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suit, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon, supra*, 469 U.S., at 471-472, 105 S.Ct. at 878. It is not a suit against the official personally, for the real party in interest is the entity.

When a plaintiff asserts claims against both a municipal entity and a municipal officer in his or her official capacity, the Fifth Circuit has held that the official capacity claim is "redundant" to the municipal entity claim. See *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) noting that plaintiff's § 1983 claims against a governmental entity "render[ed] any official capacity claim against an employee of that entity redundant". Courts throughout the country have in many instances dismissed the official capacity claim and allowed the case to proceed to trial against the legal entity usually because the legal entity, which is responsible for the official's actions, remains a defendant. In none of those cases that undersigned counsel has read, or even those furnished to

him by opposing counsel in a September 30, 2020 email, was the redundant defendant dismissed <u>with</u> prejudice as is the case before this Court. It is the <u>dismissal with prejudice</u> of the legal entity itself that occasions this motion to dismiss and is fatal to plaintiffs' case.

**Dismissal of City Parish Deprives Plaintiffs of A Source of Recovery**

Although there are many cases to be found dismissing (without prejudice) a redundant defendant in a governmental entity and official capacity suit, it is usually the official capacity party that is dismissed while the government entity remains a party to the proceeding. Perhaps this is so, because "Only in an official-capacity action is a plaintiff who prevails entitled to look for relief, both on the merits and for fees, to the governmental entity." *Kentucky v. Graham*, 473 U.S. 159, 171 (1985). However, in this case where plaintiffs have dismissed with prejudice any claims against the municipal entity, it appears they will have no source from which to recover any judgment on the merits or for attorney fees in the remaining official capacity suit alone.

**Dismissal With Prejudice Is A Final Judgment On the Merits**

The Fifth Circuit has held that a <u>dismissal with prejudice</u> is a final judgment on the merits. *Brooks v. Raymond Dugat Co. L.C.,* 336 F.3d 360, 362 (5th Cir. 2003). See *Schwartz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985), "Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this." And "[A] dismissal with prejudice that has the effect of a final adjudication on the merits favorable to the defendant." (Citations omitted.)

The dismissal with prejudice of all claims of the plaintiffs against the City of Baton Rouge/Parish of East Baton Rouge, the municipal entity of which Scott Wilson is an official, is a

complete adjudication of the claim against the municipal entity and the redundant claim against Scott Wilson in his official capacity. There being a complete adjudication on the one and similar claim, whether made against the municipal entity or the official capacity officer of the municipal entity, nothing remains for trial by this Court.

The case law simply holds that you do not have to sue both, that suit against one is suit against the other, as they are considered the same entity. And because they are the same entity, it follows that a dismissal with prejudice (deemed an adjudication on the merits or final judgment against one) is a dismissal with prejudice of the other.

**The Plaintiffs' Claim Against Scott Wilson, in his official capacity as Mayor Pro Tempore, City of Baton Rouge/Parish of East Baton Rouge, Should Be Dismissed**

Despite plaintiffs' attempt to reserve their claims against Scott Wilson, there is no such claim to reserve. The only claims made against Scott Wilson were made against Scott Wilson "in his official capacity". As such, these official capacity claims are the same as the claims made against the entity, City of Baton Rouge/Parish of East Baton Rouge, nothing more than a mere redundancy. And the claims against the City of Baton Rouge/Parish of East Baton Rouge having been dismissed with prejudice, a final judgment has been rendered both as to Scott Wilson, in his official capacity as Mayor Pro Tempore of the City of Baton Rouge/Parish of East Baton Rouge, and the City of Baton Rouge/Parish of East Baton Rouge; and no claim remains to be reserved. A dismissal of the claims against Scott Wilson in his official capacity follows by operation of law; all that remains is for this Court to recognize such by granting this motion to dismiss.

**Grounds For Motion**

This situation is so unusual, it was at first difficult to determine what procedural rule best

serves as the basis for the motion. *Res judicata* at first seemed the most obvious but *res judicata* appears only applicable to a second cause of action. It could be a F.R.Civ.P. 41(b) involuntary dismissal for failure to prosecute (by dismissing the same claim with prejudice). It could be a Rule 12(b) motion for lack of subject matter jurisdiction for mootness as all claims have been dismissed with prejudice and no case or controversy remains, depriving this Court of subject matter jurisdiction.

**Motion For Involuntary Dismissal Under F.R.Civ.P. 41(b)**

Rule 41(b) "Involuntary Dismissal" provides in part: "If the plaintiff fails to prosecute..., a defendant may move the action or any claim against it."

Thought not the usual situation of "failure to prosecute", the failure to prosecute here arose from the voluntary dismissal **with prejudice** of the same claim as the claim against Scott Wilson, in his official capacity, the claim against the other defendant, City of Baton Rouge/Parish of East Baton Rouge, the legal entity of which Scott Wilson is an official.

The jurisprudence has long held that no precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined to make such determination. See *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967) and *Sander Manufacturing Company v. Rohn Haas Company*, 298 F.2d 41, 43 (7th Cir. 1962).

The position advanced by Scott Wilson here is that the dismissal with prejudice of plaintiffs' claims against City of Baton Rouge/Parish of East Baton Rouge was based on the plaintiffs' voluntary decision to fail to prosecute those claims. Since the claims against the City of Baton Rouge/Parish of East Baton Rouge, are claims that the plaintiffs <u>failed to prosecute</u> and dismissed

with prejudice, the claims against Scott Wilson in his official capacity are subject to being dismissed with prejudice as well, based on that same failure to prosecute under F.R.C.P. 41(b).  The fact that no other case may have used the same interpretation for failure to prosecute for such a dismissal does not make it improper or unavailable.  The unusual circumstances present here are caused by the plaintiffs dismissing <u>with prejudice</u> only one of the two identical cases, and dismissing only against the only party capable of providing them any relief.

**Motion To Dismiss - Mootness**

This motion to dismiss on the grounds of mootness is properly filed under Rule 12(b)(6) as an objection to subject matter jurisdiction.

> "'Mootness is the doctrine of standing in a time frame.  The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).' *Ctr. For Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)).  If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents.  *In Re Scruggs*, 392 F.3d at 128.  Therefore, before considering any other matters raised by the parties, we are obliged to 'resolve the outstanding question as a threshold matter of jurisdiction.' *Cole v. Gen. Motors Corp.*, 448 F.3d 717, 721 (5th Cir. 2007).

"A claim becomes moot 'when the issues presented are no longer 'live' or the parties legally lack a legally cognizable interest in the outcome.'" *Smith v. Winter,* 782 F.2d 508, 510 (5th Cir. 1986), citing *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491, 502 (1969).  In *Smith v. Winter*, the Fifth Circuit found a claim for injunctive relief to prevent an election which had already occurred to be moot.  See also *Hogan v. Mississippi University for Women*, 646 F.2d 1116, 1117 (5th Cir. 1981), dismissing as moot an appeal denying an injunction sought for

admission for the Spring 1981 semester which semester had ended. Likewise a dismissal with prejudice of the identical claim moots the existence of the redundant claim.

This mootness exception to subject matter jurisdiction could not have been filed prior to filing an answer as the proceeding against Scott Wilson in his official capacity as Mayor Pro Tempore of City of Baton Rouge/Parish of East Baton Rouge was not moot at that time. The claim against Wilson in his official capacity only became moot, became deprived of a case or controversy, and then suffered with the lack of lack subject matter jurisdiction once the exact same claim, the redundant claim against the municipal entity, was dismissed with prejudice.

**The Motion To Dismiss Should Be Granted and Trial Cancelled**

The plaintiffs' claims against Scott Wilson filed against him in his official capacity as Mayor Pro Tempore of City of Baton Rouge/Parish of East Baton Rouge (the only claims against Mr. Wilson raised in this proceeding) are equal to, redundant to, and the same as the claims raised against the City of Baton Rouge/Parish of East Baton Rouge, the legal entity he is an official of. The dismissal of the plaintiffs' claim against City of Baton Rouge/Parish of East Baton Rouge <u>with prejudice</u> is a final adjudication of the claims against not only the City of Baton Rouge/Parish of East Baton Rouge, but also a final adjudication of the claims against the same entity, Scott Wilson in his official capacity. This Court lacks subject matter jurisdiction. No claims remain to be litigated; no entity remains to satisfy any judgment rendered; and it is respectfully submitted that all claims against Scott Wilson, in his official capacity, should be dismissed with prejudice.

## Applicable Law

**Plaintiffs' Burden of Proof**

It appears that plaintiffs base their claims and the facts they believe they need to prove at trial

on *Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017). The case is procedurally distinguishable, as the official presiding at the meeting of the Gretna City Council, defendant Christopher Roberts was sued in his individual capacity, and defendants, Jefferson Parish and the City of Gretna, were sued as vicariously liable.

In the case before the Court, Scott Wilson is sued in his official capacity as Mayor Pro Tempore of the City of Baton Rouge, Parish of East Baton Rouge, equivalent to, redundant to and the same as suing the entity itself, City of Baton Rouge/Parish of East Baton Rouge. (See Doc 121-1).

*Monell v. Dept. of Social Services of the City of New York*, 98 S.Ct. 2018 (1978), throws a kink in the plaintiffs' limited evaluation of the *Heaney* case. "A plaintiff asserting a Section 1983 claim against a municipal official in his official capacity or a Section 1983 claim against a municipality 'must show that the municipality has a policy or custom that caused his injury. To establish official policy, plaintiff must prove any of the following: 1. A copy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's law making officers or by an official to whom the lawmakers have delegated the policy making authority; or 2. A persistent, widespread practice of the officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy making authority." See *Lefebure v. Boeker*, 390 F.Supp.3d 729, 754 (U.S. D.Ct. M.D. La 6/25/19).

Plaintiffs cannot sustain this burden of proof. Plaintiffs have not identified an express policy

that led to the alleged deprivation of their constitutional rights, or an express policy of shutting down black people and allowing white people to talk (ridiculous to assume the council would ever adopt such a policy.)

The only policy that will be shown is the council's adherence to the Open Meetings Law, referenced in the Plan of Government, which Open Meetings Law is not intended to give the public a chance to address the council on issues unrelated to those being discussed at the meeting and which provisions do not prohibit the removal of persons or persons who willfully disrupt a meeting to the extent that orderly conduct of the meeting is seriously compromised. The open meetings law is not violated by removing plaintiffs for talking off topic on specific agenda items.

The May 10, 2017 meeting, particularly with respect to the "removal" of the three plaintiffs for speaking off topic during the public comment time for a particular agenda Item, was conducted in accordance with the City and Parish Ordinances, the Plan of Government, the Open Meetings Law, as well as Louisiana Attorney General opinions authorizing the actions taken.

§ 4.05 of the Plan of Government for the City of Baton Rouge/Parish of East Baton Rouge requires the President Pro Tempore to preside over meetings of the Metropolitan Council with the right to speak and vote. Further, § 1:7(a) of the Code of Ordinances permits members of the public to speak "on any item included in the agenda."

The City/Parish, its Metropolitan Council, and the chairman of that Council, are required to abide by state law, including Louisiana's Open Meetings Law.

Baton Rouge Code of Ordinances, § 1.7(a), makes explicit reference to La. R.S. 42:5(D), a component of the Open Meetings Law (since redesignated as La. R.S. 42:14(D)). It provides in relevant part:

> Except school boards, which shall be subject to R.S. 42:15, each public body conducting a meeting which is subject to the notice requirements of R.S. 42:19(A) **shall allow a public comment period** at any point in the meeting prior to action on an agenda item upon which a vote is to be taken. The governing body may adopt reasonable rules and restrictions regarding such comment period. (emphasis added)

Several Attorney General Opinions have addressed the subject.

> In answer to your second question, it is the opinion of this office that the intent of this statute is to afford the public a right to comment on issues being discussed at each particular meeting. **It is not intended to give the public a chance to address the council on issues unrelated to those being discussed at the meeting**. Items subject to public comment include those items found on the agenda and items added to the agenda by the board during the meeting. Therefore, the public comment requirement of La. R.S. 42:5(D), generally applies to agenda items only (emphasis added). See La. Atty. Gen. Op. No. 01-367, 2002 WL 242016.

"Although La. R.S. [42:14] clearly provides for public comment, this right has been interpreted to apply only to a public body's consideration and deliberation of agenda items. See, La. Atty. Gen. Op. No. 08-0325, 2009 WL 685303.

As opined by the Attorney General, there are hazards involved in taking up items not properly noticed on the Agenda, because doing so risks the type of "subterfuge" that may defeat the purposes of the Open Meetings Law. See, La. Atty. Gen. Op. No. 08-0325, 2009 WL 685303.

Finally, while the Open Meetings Law broadly provides for members of the public to attend all public meetings, there are exceptions. Per La. R.S. 42:17(C):

> The provisions of this Chapter shall not prohibit the removal of any person or persons who **willfully disrupt** a meeting to the extent that orderly conduct of the meeting is seriously compromised.
> (emphasis added)

The Louisiana Attorney General, in response to a request for clarification from Mr. John

Diasselliss, Asst. District Attorney for St. John the Baptist Parish, clarified the right of the Chairman of a public meeting to order the removal of an individual who refuses to comply with the Chair's orders:

> Considering this provision, it is the provision of this office that a person or person, even an appointed or elected official, who willfully disrupt a meeting to an extent that orderly conduct of the meeting is seriously compromised may be removed, by lawful force if necessary. Under these circumstances, **the open meetings law is not violated by removing the disruptive person** or official from the meeting. (emphasis added) See, La. Atty. Gen. Op. No. 91-19, 1991 WL 57273.

President Pro Tempore Wilson, as chair of the Metropolitan Council meeting on May 10, 2017, had an extraordinary obligation to ensure the meeting was conducted in accordance with City and Parish Ordinances, the Plan of Government, and the Open Meetings Law. The evidence at trial will show that he did so on May 10, 2017.

As discussed by the Fifth Circuit in *Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017), the Constitutional right at issue in a viewpoint discrimination claim is the First Amendment right to be free from viewpoint discrimination in a limited public forum. The meeting of the Metropolitan Council qualifies as a limited public forum. The government can restrict or regulate speech in a limited public form "as long as the regulation '(1) does not discriminate against speech on the basis of viewpoint and (2) is reasonable in light of the purpose served by the forum'." A claim of viewpoint discrimination in contravention of the First Amendment requires a plaintiff to show that the defendant acted with a viewpoint discriminatory purpose.

The Fifth Circuit held in *Heaney v. Roberts*, *supra*, 802, "If Heaney were to have violated a reasonable restriction, such as a topic or time constraint, there would be no constitutional

violation." The evidence will show that each plaintiff violated a reasonable restriction, each plaintiff was not discussing the agenda item but rather talking off topic. Accordingly, no constitutional violation can be found by the Court. The Fifth Circuit even goes on to state that "No violation occurs when the same result would have occurred in the absence of any illegitimate motive." It is only if a plaintiff was not silenced for violating a reasonable restriction that the First Amendment claim would turn on the Mayor Pro Tempore's motive or intent. But since this case is against Scott Wilson in his official capacity, plaintiffs must first demonstrate a policy or custom of the City/Parish that caused the alleged constitutional violation. Failing that showing, the case must be dismissed.

The plaintiffs' case fails in so many instances:

1. The dismissal with prejudice of the plaintiffs' claims against the City of Baton Rouge/Parish of East Baton Rouge **with prejudice** is an adjudication on the merits and results in the dismissal **with prejudice** of the plaintiffs' claims against Scott Wilson in his official capacity.

2. The dismissal **with prejudice** of the claims against the City of Baton Rouge/Parish of East Baton Rouge **with prejudice** is tantamount to an adjudication on the merits and deprives plaintiffs of an entity that can be responsible for liability, against whom a declaratory judgment can be rendered and who can be responsible for payment of attorney fees, costs or expenses of plaintiffs.

3. The dismissal of the plaintiffs' claims against the City of Baton Rouge/Parish of East Baton Rouge **with prejudice** renders plaintiffs' claims against Scott Wilson in his official capacity moot and deprives this Court of subject matter jurisdiction.

4. The dismissal **with prejudice** of plaintiffs' claims against City of Baton

Rouge/Parish of East Baton Rouge is an adjudication on the merits and equates to a failure to prosecute the redundant claim against defendant Scott Wilson in his official capacity so as to call for involuntary dismissal under F.R.C.P. 41(b).

5. Plaintiffs will be unable to fulfill the requirements of *Monell* and be unable to show that the City of Baton Rouge/Parish of East Baton Rouge has an official policy or persistent widespread common and settled custom that caused their injury.

6. The requirements of the Plan of Government, Code of Ordinances and Open Meeting Law establish reasonable restrictions by limiting public comment on agenda items to the topic on the agenda.

7. Plaintiffs were removed from the podium for failing to address the agenda item and for speaking off topic; plaintiffs were in effect silenced for violating a reasonable restriction.

8. The off topic restriction is reasonable to regulate speech in a public forum - it does not discriminate against speech on the basis of viewpoint and is certainly reasonable in light of the purpose served by the forum.

Respectfully Submitted:

s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
5551 Corporate Blvd., Suite 101
Baton Rouge, LA 70808
Telephone: (225) 231-1453
Facsimile: (225) 231-1456
Email:  celiacan@bellsouth.net
*Attorney for Scott Wilson, in his official capacity as Mayor Pro Tempore, City of Baton Rouge, Parish of East Baton Rouge*