UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALAN BOUDREAUX (#254702)                           CIVIL ACTION NO.

VERSUS                                             20-120-BAJ-EWD

JASON KENT, ET AL.

### ORDER

Before the Court a Motion for Appointment of Counsel ("Motion"),[1] filed by Alan Boudreaux ("Petitioner"). The Motion will be denied. Appointed counsel is only required in a habeas case if an evidentiary hearing is ordered, and there has not been a determination that an evidentiary hearing is required in this case. Additionally, the interests of justice do not require appointment of counsel at this time.

It is well-settled that a petitioner has no constitutional right to appointment of counsel in a habeas proceeding.[2] Such a benefit is only required when the Court determines that an evidentiary hearing is to be held on a § 2254 petition.[3] At this stage of the case, the Court has not determined that an evidentiary hearing is necessary. To that end, Petitioner's request is, at best, premature.[4] The decision of whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). According to § 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claims raised rely on a new, retroactive rule of constitutional law that was previously unavailable[5] or the claim relies on a factual basis that could

---

[1] R. Doc. 20.
[2] *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *see also Wright v. West,* 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Ortlof v. Fleming,* 88 F. App'x 715, 717 (5th Cir. 2004); *Johnson v. Hargett,* 978 F.2d 855, 859 (5th Cir. 1992).
[3] Rule 8(c), Rules Governing § 2254 Cases; *Urias v. Thaler,* 455 F. App'x 522, 523 (5th Cir. 2011).
[4] If an evidentiary hearing is ordered in the case, the Court will appoint counsel for Petitioner on its own motion.
[5] 28 U.S.C. § 2254(e)(2)(A)(I).

not have been previously discovered by an exercise of due diligence;[6] and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.[7] An evidentiary hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence."[8] On the record before the Court at this time, Petitioner has not established that the record will be insufficient to resolve the claims raised.[9]

The Court likewise does not find that the "interests of justice so require" the appointment of counsel at this time.[10] In so finding, this Court notes that the Petition is not legally nor factually complex, and Petitioner has demonstrated through his Petition and other numerous filings,[11] that he understands the relevant issues and is capable of presenting his claims. Accordingly

**IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel[12] is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 27, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] 28 U.S.C. § 2254(e)(2)(A)(ii).
[7] 28 U.S.C. § 2254(e)(2)(B).
[8] *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir.1989).
[9] Though Petitioner has filed a request for additional discovery (R. Doc. 21), he has not demonstrated that this discovery is necessary for resolution of the claims before the Court.
[10] *See* 18 U.S.C. § 3006A ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28").
[11] R. Docs. 1, 10, 13, 16, 18, & 19.
[12] R. Doc. 20.