UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL MCCLANAHAN, GARY       CIVIL ACTION NO. 3:17-cv-1720
CHAMBERS, and EUGENE COLLINS,              JWD-RLB

v.

SCOTT WILSON, and CITY OF BATON
ROUGE

## MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL

MAY IT PLEASE THE COURT:

Trial of this case is set for March 17, 2021.  On September 30, 2020, the only

remaining defendant, Scott Wilson, sued in his official capacity as Mayor Pro Tempore of

the City of Baton Rouge, Parish of East Baton Rouge, filed a motion to dismiss the case

against him under Rule 12(b)(1) (Doc 121) because the court lacked and no longer had

jurisdiction over the case against him.

The case had been finally adjudicated on the merits in his favor when the plaintiffs

voluntarily moved to dismiss with prejudice the plaintiffs' case against the municipal entity,

City of Baton Rouge, Parish of East Baton Rouge.  (Doc 104)  The plaintiffs' case against

the municipal entity, the City of Baton Rouge/Parish of East Baton Rouge, was dismissed

with prejudice (Doc 105).  Scott Wilson, sued in his official capacity as Mayor Pro Tempore

of the City of Baton Rouge/Parish of East Baton Rouge, was sued on the same issues and on

the same claim as the claim asserted and dismissed against the municipal entity.  (Doc 102)

See *Kentucky v. Graham*, 473, U.S. 159 (1985), 105 S.Ct. 3099, 87 L.Ed.2d 114, 53 USLW

4966, recognizing that the suit against Wilson in his official capacity is in reality a suit

against the municipal entity, the City/Parish, and redundant to and duplicative of the case

against the City Parish. The suit against the municipal entity and its Mayor Pro Tempore are

one and the same suit.

Plaintiffs have admitted through that the claim against the municipal entity and the

claim against Wilson are the same claim.  See Doc 133, p. 2, "In the lead up to trial Plaintiffs

anticipated that trial might be fairly unwieldily and redundant with two sets of independent

counsel representing what was in essence, one side of the claim."  And plaintiffs admitted

throughout, as well, that their only claim against Wilson was the official capacity claim.  See

Doc 147-1, p. 1, and Doc 1 and Doc 2.

Wilson's motion to dismiss was filed on September 30, 2020 (Doc 121) and was

accompanied by a motion for expedited hearing (Doc 122) filed the same date.  The motion

to dismiss was not ruled on by the district court until January 26 (minute entry) or January

28 (ruling), 2021, when it was denied.  (Doc 157 and 159, respectively.)

Defendant filed a notice of appeal on February 23, 2021, seeking an immediate appeal

of the denial of the motion to dismiss under the collateral order doctrine of 28 U.S.C. § 1291.

Given the short time between now and the trial date, Wilson seeks to stay further

proceedings, including and especially the March 17, 2021 trial, until the appeal can be heard

and decided by the Fifth Circuit Court of Appeals.  Wilson seeks to have the Fifth Circuit

Court of Appeals review and decide the matter before he is required to undergo a trial by a court that lacks jurisdiction because a case or controversy no longer exists by reason of the judgment of dismissal with prejudice on the single claim against the municipality and Scott Wilson in his official capacity.

Federal Rule of Appellate Procedure Rule 8 generally requires a party to file a motion for stay pending appeal in the district court unless a showing can be made that "moving first in the district court would be impractical." While that may be the case due to the amount of time between now and the March 17, 2021 trial date, Wilson is filing the motion for stay in the district court first and requesting a decision on or before March 5, 2021, to allow him sufficient time to file a FRAP 8 motion in the Fifth Circuit should the district court deny the stay.

Wilson shows that this matter is immediately appealable under the collateral order doctrine and that he has a substantial likelihood of success on the merits. The requested stay will serve the public interest (a court should not be allowed to try a case over which it has no subject matter jurisdiction) and will not cause harm to the other parties (the very parties who dismissed with prejudice the case against the City of Baton Rouge/Parish of East Baton Rouge, which resulted in a final adjudication of their claims against the municipal entity on the merits). The dismissal adjudicated the claim that was dismissed with prejudice as well as the redundant claim, the duplicative claim, the same claim, against Wilson in his official capacity, leaving the Court with no jurisdiction and no issues to try. A trial without

jurisdiction causes irreparable injury not only to the parties but to the system as a whole.

## I.   MOTION TO STAY - FACTORS

This court must consider four factors in determining whether a sufficient showing is made to justify stay pending appeal: (1) whether the movant has shown likelihood of success on the merits, (2) whether the movant has shown irreparable injury if the stay not granted, (3) that granting the stay would not substantially harm other parties, and (4) whether granting the stay would serve the public interest. *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981). The Fifth Circuit Court has refused to apply these factors in a rigid, mechanical fashion, holding that movant "need only present a substantial case on the merits where a serious legal question is involved and show that the balance of equity weighs heavily in favor of granting the stay." *Ruiz v. Estelle,* at 565, quoted in *U.S. v. Baylor University Medical Center*, 711 F.2d 38, 39 (5th Cir. 1983).

### A.   Scott Wilson Will Likely Prevail On the Merits

The following specified errors in the district court ruling present a substantial showing that Scott Wilson will likely prevail on the merits of the appeal.

The district court erred in denying the motion to dismiss.  The district court failed to address the fact that the dismissal in Doc 105 of all claims against Defendant City of Baton Rouge/Parish of East Baton Rouge was a dismissal with prejudice.  The with prejudice aspect of the dismissal is a crucial element of the motion to dismiss.

The district court further erred in neglecting to consider the Fifth Circuit cases of

*Brooks v. Raymond Dugut Co. L.C.,* 336 F.3d 360, 362 (5ᵗʰ Cir. 2003) and *Schwartz v.*

*Folloder*, 767 F.2d 125, 129-130 (5ᵗʰ Cir. 1985), which provide that "Dismissal with

prejudice is a complete adjudication of the issues presented by the pleading and is a bar to

further action between the parties.  An adjudication in favor of the defendants by a court or

jury can rise to no higher than this."  And [a] dismissal with prejudice has the effect of a final

adjudication on the merits favorable to the defendant."  (See Doc 121-1, p. 3)

     This crucial factor in defendant's case went totally ignored by the district court.  Had

the dismissal of the case against the City/Parish been without prejudice, the motion to dismiss

might not have had merit.  It was the dismissal with prejudice that is the deciding factor in

defendant's motion, a factor the district court ignored and declined to even address.

     Instead, at one point, the district court rested its decision on the motion to dismiss on

the lack of a "goose" case decided on the same facts.  "Wilson has cited no authority

supporting the result he seeks" (Doc 159, p. 12).  True that Wilson could locate no one case

where a plaintiff voluntarily dismissed with prejudice the claim against the municipal entity

and then tried to proceed to trial on the redundant claim against the municipal official on the

same claim.

     Defendant Wilson does, though, rely upon cases that support his position, cases that

the district court found marginally supportive.  The Fifth Circuit case of *Brooks v. Raymond*

*Dugat Co. L.C.,*  and *Schwartz v. Folloder*, both *supra*, support Wilson's position, as does

*Kentucky v. Graham*, *supra*, as well as the plaintiffs' admission that he sued Scott Wilson in

his official capacity only and that the claims made against Scott Wilson and the City/Parish

were the same claims.  See Doc 104 and Doc 133, p. 2.

The district court errs at p. 10 of Doc 159 when it claims Wilson "errs in his Point 7,"

referring to Point No. 7 in Doc 158, a Sur Reply memorandum filed by Scott Wilson to

another motion before the court at the same time.

> Point No. 7:  The dismissal with prejudice in this case of the
> claim against the municipal entity (Doc 105) serves as a bar to
> the prosecution of the redundant claim against the municipal
> officer, Scott Wilson, in his official capacity, because the claims
> are the same claim.  *Kentucky v. Graham, supra*.

Point No. 7 cannot be read in a vacuum, it must be read in *para materia* with the other

"points" and authority made in Doc 154, particularly Point Nos. 2, 3, 4, 5 and 8, reading as

follows:

> Point No. 2  The court lacks subject matter jurisdiction, there is
> no case or controversy, this case is moot because the plaintiffs'
> claims against the municipal entity defendant were dismissed
> with prejudice.  *Gospel Lighthouse Church v. City of Dallas*,
> 999 F.2d 1580, *1 (5th Cir. 1993).
>
> Point No. 3.  A dismissal with prejudice is a final adjudication,
> a complete adjudication and a bar to further action between the
> parties.  *Brook v. Raymond Dugat Co. L C,* 336 F.3d 360, 361
> (5th Cir 2003), *Schwartz v. Falloder,* 767 F.2d 123, 130 (5th Cir.
> 1985).
>
> Point No. 4.  The only two parties to the suit were the municipal
> entity, City of Baton Rouge, Parish of East Baton Rouge, and its
> municipal official Scott Wilson, its Mayor Pro Tempore, sued
> only in his official capacity.  (Doc 2)
>
> Point No. 5.  Scott Wilson in his official capacity and the City

of Baton Rouge/Parish of East Baton Rouge, are the same entity for purpose of liability, the official capacity claims against Scott Wilson in his official capacity is redundant to, duplicative of, and the same as the claim against the municipal entity. *Kentucky v. Graham*, 105 S.Ct. 3099, 3105 (1985).

Point No. 8.   No claim remains against a defendant in the proceeding, no case or controversy remains, this claim is moot, the district court lacks jurisdiction. *Environmental Conservation Organization v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008).

When read together, these "points" and the cases cited therein provide more than ample authority to require granting of the motion to dismiss.  Point No. 7 is not in error as the court erroneously concludes.  Point No. 7 follows from and is supported by the case law cited in the other cited "Points" of argument in Doc 154.

The district court further erred in concluding that Wilson relied only on a general statement in *Kentucky v. Graham*, and seems to have missed the motion to dismiss argument completely.  The court did not treat Wilson's argument that the dismissal with prejudice serves as a final adjudication, a complete dismissal and a bar to any further action between the parties.  The district court erred in failing to consider the 5th Circuit holdings in *Brooks v. Raymond Dugat Co.* and *Schwartz v. Folloder*, *infra.*  These points together with the holding in *Kentucky v. Graham*, (and the plaintiffs' admission that the claims against the City/Parish and against Scott Wilson in his official capacity are the same claim), deprive this court of a justiciable case or controversy and thus subject matter jurisdiction.

The district court further erred when it cites to  *Zavala v. City of Baton Rouge/Parish*

*of East Baton Rouge*, No. 17-656, 2018 WL 4517461 (M. D. La. Sept. 20, 2018) as a "perfect

example" of why Point No. 7 is allegedly in error.

The district court claims that in *Zavala*, 2018 WL 4517461, at *16, "this Court

dismissed certain claims against employees of the City Parish in their official capacity as

duplicative." While that is so for one or two defendants, the majority of the claims were

dismissed under F.R.C.P. Rule 12(b)(6) for failure to state a claim because the defendants

were sued in either or both their individual and official capacities. See *Zavala,* 2018 WL

4517461, September 20, 20218 opinion.

At the end of the September 20, 2018, opinion, in deciding whether to dismiss claims

with or without prejudice or whether to grant leave to amend, the court was considering the

claims dismissed for failure to state a claim. See *Zavala*, 2018 WL 4517461, *22. The court

decided to grant leave to amend with respect to those claims dismissed for failure to state a

claim, "As the numerous case[s]...make clear dismissal under Rule 12(b)(6) generally is not

immediately final or on the merits because the district court normally will give the plaintiff

leave to file an amended complaint to see if the shortcomings of the original document can

be corrected" *Zavala*, citing 5 B Charles A. Wright, Arthur R. Miller, et al., *Federal Practice

and Procedure,* §1357 (3d ed. 2016).

It is clear that the court's decision to grant leave to amend referred only to those

claims dismissed for failure to state a claim, not the claim(s) dismissed as duplicative. (No

amendment could change the "duplicative claim" situation.) The court ruling in fact says so,

"(8) Zavala shall file a second amended complaint on or before October 18, 2008, to the extent she wishes to cure any of the deficiencies described above.  The deficient claims not amended will be dismissed with prejudice."  *Zavala*, \*22.

As the later ruling in *Zavala* shows, Civil Action 17-656, M.D.La., Doc 88, 11/6/2018, "Zavala elected not to" "file a second amended complaint...to the extent she wished to cure any deficient claims identified in the court's ruling".  Those were the claims that were then dismissed with prejudice.  The ruling did not address any claims dismissed as duplicative of a City Parish claim.

The district court erred in concluding that anything in the *Zavala* case defeats Wilson's claim that a dismissal with prejudice against the City/Parish also serves as a judgment on the merits as to the same claim, the redundant claim, against the municipal official sued in his official capacity.  The suit against the municipality and its representative in an official capacity are one and the same, and a dismissal with prejudice as to one is a dismissal with prejudice as to the other. The claim against Wilson in his official capacity is redundant to the claim against the City Parish. When the claim against the City Parish is dismissed with prejudice, the official capacity claim falls with it and leaves no case or controversy to be litigated.

The district court further relied on two district court cases from Pennsylvania which the court contends stand for the proposition that the court need not "dismiss the claims against Wilson merely because it dismissed the claims against the City Parish."  Cited are

*Douglas v. Univ. of Pittsburg*, (W.D. Pa. 2016); and *Satterfield v. Borough of Scheybill*

*Haven*, 12 F.Supp.2d 423, 431 (E.D. Pa. 1988), as opposition to Scott Wilson's claim that

the Doc 105 dismissal with prejudice of the plaintiffs' claims against the City of Baton

Rouge/Parish of East Baton Rouge serves as a dismissal with prejudice of the plaintiffs'

duplicate and redundant claims against Scott Wilson in his official capacity as Mayor Pro

Tempore of the City of Baton Rouge/Parish of East Baton Rouge. **The two cases are not**

**applicable to the situation before the court. Neither of the cases involved a dismissal**

**with prejudice of the claim against the municipal entity.**

In *Douglas*, the Board of Trustees was dismissed because "the University [the

municipal entity], who is liable for the actions of its Board of Trustees, is named as a

defendant." 2016 WL 69661, *1. In *Satterfield*, at p. 431, the claims against the Borough

Council were dismissed, found to be in no way prejudicing the right of plaintiff to pursue

claims based upon the conduct of the Borough Council, since the Borough [the municipal

entity] remains a party and will be directly liable for any misconduct on the part of the

Borough Council.

The two cited Pennsylvania cases dismissed the claims of official capacity individual

without prejudice. Not one of the cases cited by the district court concerned or involved the

dismissal with prejudice of the claims against the municipal entity. These cases have no

bearing on the case before the court.

The district court conclusion on p. 12 of Doc 159 is error. The court reasons that

"Ultimately, like *Satterfield* found, the City/Parish will be responsible for the misconduct of

Wilson in his official capacity and Plaintiffs' dismissal of the City/Parish as a party does not

change that." However, in the case before the Court, all claims plaintiffs have against the

City/Parish are dismissed with prejudice, a final adjudication, and a complete bar to the

further pursuit of any claim against the City/Parish. This dismissal with prejudice precludes

the City/Parish from being responsible for anyone, particularly Wilson, in this case. All such

claims were dismissed with prejudice. No claims remain for Wilson or the City Parish to be

responsible for. The Pennsylvania cases are simply inapposite.

What the court completely misses with this general conclusion is that the plaintiffs

voluntarily dismissed with prejudice their entire claim against the City/Parish, that the

dismissal serves as an adjudication on the merits between the plaintiffs and City/Parish and

operates as a bar to any further action on that same claim, whether it be asserted against the

municipal entity or the official of the entity in his official capacity. The plaintiffs dismissed

all its claims against the City/Parish with prejudice. Those municipal entity claims were the

same as the redundant claims against Scott Wilson. Once dismissed against the City/Parish

with prejudice, the entire claim, no matter who is it asserted against has been adjudicated.

No claim remains.

The district court erred in continuing to evaluate the motion to dismiss without

disposing of  Mayor Pro Tempore Wilson's argument that a dismissal with prejudice is a

final adjudication.

The district court erred in its ruling on redundancy of the claims. It is the official

capacity claim that is the redundant claim, not the claim against the municipal entity. The

claims are the same claim. See, for example, the statement of the Fifth Circuit Court of

Appeal in *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010), that the plaintiff

made allegations against the City of Plano that would render an official capacity claim

against Cabezuela [sued in his official capacity] redundant. There is no "internal

inconsistency" in Wilson's position as the district court claims at p. 12 of Doc 159. Wilson

is claiming that the claim against Wilson in his official capacity is redundant; and once the

primary claim against the City Parish has been dismissed with prejudice, the redundant or

duplicative claim necessarily falls.

The district court's ruling did not acknowledge the unalterable effect of dismissal with

prejudice as a final adjudication on the merits in the defendant's favor, both as to the claim

against the municipal entity and the "redundant" claim against Scott Wilson. Once finally

adjudicated, a claim cannot be tried against the municipal entity because the suit against the

municipal official in his official capacity is the same claim by a different name, *Kentucky v.

Graham*. Far from a "technicality" or a "hyper technical application" or "gotcha" tactics, this

is basic and well recognized law and procedure. There are simply no remaining claims to try

because all claims have been dismissed with prejudice.

The district court further erred in citing as evidence regarding this purely legal issue

a conclusory statement regarding the City Parish and "Wilson's own prior representation in

the case that their interests were so divergent that they needed separate counsel." Interests

can diverge for a number of reasons, including for instance disagreements in strategy, but

divergent interests between the parties is hardly an admission that the official capacity and

the municipal claim are separate and distinct.

Wilson is no sense claimed that "he and the City Parish are one and the same," he is

claiming and *Kentucky v. Graham* supports that position that the suit against him in his

official capacity is actually a suit against the municipal entity. Wilson does claim that a

dismissal with prejudice of the claim against the municipal entity is a final adjudication and

a complete bar to suit against the municipal entity whether suing the entity itself or suing the

municipal official in his official capacity for the same acts.

The district court erred in considering the fact that the City/Parish and Wilson found

it necessary at some point to retain separate counsel to support the court's conclusion that the

claims against the municipal entity and the municipal official in his official capacity are not

the same claims. Wilson likely would have preferred his counsel to seek his dismissal as a

primary matter. That alone might warrant separate counsel, and the fact that Wilson sought

counsel independent from the City Parish cannot be read as an admission that the official

capacity and municipal claims were different.

The plaintiffs never asserted that the claims against the City/Parish and Wilson were

not the same. In fact, plaintiffs argued the contrary. See above quoted from Doc 104; see

also Doc 133, p. 2. While these facts are not in dispute, the court erred in locating facts it

claims caused a dispute.  Nor do the fact cited by the court - that the defendants had a conflict

with representation by one counsel (see Doc 58) in any way prove or establish that the claim

against Scott Wilson in his official capacity was not redundant to and duplicative of the claim

against the City/Parish. Such reasoning reflects a curious understanding of the reason a party

might want his own lawyer in a case.

All the record contains is a mention of a telephone conference with the court (Doc 58)

that "a significant conflict has arisen in this matter".  And the City/Parish and Wilson then

retained new separate counsel; and the office of the Parish Attorney withdrew from

representing both defendants.  Nothing in any of that to make the plaintiffs' claims against

the two original defendants different claims.

The defendant is likely to prevail on the merits of this appeal.  The district court erred

in denying the motion to dismiss.  The dismissal at Doc 105 of all the plaintiffs claims

against the City/Parish with prejudice deprived this court of a case or controversy both

against the City/Parish and on the redundant claim against Scott Wilson in his official

capacity.  The motion to dismiss should have been granted and the suit against Scott Wilson

dismissed.

Such showing having been made of this, the crucial factor in a stay request, it is

respectfully submitted that a stay should be granted pending the outcome of this appeal to the

Fifth Circuit Court of Appeals.

**B.  Scott Wilson Will Suffer Irreparable Injury If the Stay Not Granted**

The United States Constitution gives federal courts subject matter jurisdiction over cases and controversies only. To require Scott Wilson to submit to a trial over which the court has no subject matter jurisdiction violates not only Wilson's constitutional rights but the integrity of the federal court system.

### C. Granting A Stay Will Not Substantially Harm Other Parties

The stay will cause no harm to the plaintiffs, substantial or otherwise. This trial has been continued twice already, and there is no immediate need for a trial on March 17, 2021, or any drop-dead date.

Scott Wilson's term on the Metro Council ended, and the makeup of the Council itself has changed dramatically since the events at issue occurred. The plaintiffs have no request for damages and are seeking only declaratory and injunctive relief against different parties than when suit originally filed. No harm will result from a stay of proceedings until the Fifth Circuit Court of Appeals can rule on the pending appeal.

### D.    Granting the Stay Would Serve the Public Interest

The public interest served would be to ensure that no case be tried by a federal court over which the federal court lacks subject matter jurisdiction. Simple enough.

## II.    THIS IS AN APPEAL FROM A JUDGMENT UNDER 28 U.S.C. § 1291 UNDER THE COLLATERAL ORDER DOCTRINE

Scott Wilson files this appeal under 28 U.S.C. 1291 under the collateral order doctrine. The collateral order doctrine confers limited appellate jurisdiction where three conditions must be satisfied: (1) the order must conclusory determine the disputed question,

(2) it must resolve an important issue completely separate from the merits of the case; and

(3) it must be effectually irreversible on appeal from a final judgment. Those three factors

are present in this appeal.

### A.     Conclusivity

To satisfy this factor, the order must be final to the only one inquiry that the order

determines. And it is. The Order decides the legal inquiry posed by the motion to dismiss -

whether the dismissal with prejudice of all of plaintiffs' claims against the City of Baton

Rouge/Parish of East Baton Rouge operates as a dismissal with prejudice of the redundant,

duplicative claims made in the same case by those same plaintiffs against the municipal

official, Scott Wilson, sued in his official capacity as Mayor Pro Tempore of the City of

Baton Rouge/Parish of East Baton Rouge.

In this case, the district court's denial of Wilson's motion to dismiss is conclusive as

to whether the dismissal with prejudice of the plaintiffs' claims against the City of Baton

Rouge/Parish of East Baton Rouge mandate dismissal of the redundant duplicative claims

against Scott Wilson in his official capacity as Mayor Pro Tempore of the City of Baton

Rouge/Parish of East Baton Rouge. The trial court denial of the motion means that the case

against Scott Wilson will proceed to trial as it is scheduled to do, on March 17, 2021. There

is no indication that the trial court will revisit its decision on the motion to dismiss before the

trial date. Denial of a motion to dismiss has been held conclusive as to the right to avoid

litigation. See *NCDR L.L.C. v. Mauzeand Bagby P.L.L.C.*, 745 F.3d 742, 748. The

conclusivity factor is satisfied in this case.

### B.    Separability

The question of separability turns on whether the matter at issue "is significantly different from the fact-related legal issues that likely underlie the plaintiffs' claim on the merits."  *Johnson v. Jones,* 515 U.S. 304, 314 (1995).  "Separate" issues are those "conceptually distinct from the merits of the plaintiff's claim."  *Id.*

The motion to dismiss in this case presents a legal question as to whether one judgment of dismissal with prejudice dismisses the plaintiffs' claims against the redundant party and a duplicative claim.  It has absolutely nothing to do with the merits of the case.  The separability factor is satisfied.

### C.    Nonreviewability

The embodiment of nonreviewability is immunity from suit.  See *Henry v. Lake Charles American Press,* 566 F.3d 164, 177 (5th Cir. 2009).  "If an essential part of the defendant's claim is the right to avoid the burden of trial, then this final requirement of the collateral order doctrine is met because obtaining relief after trial is too late."  *NCDR L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d at 750, citing *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985).

This issue is nonreviewable on appeal.  The dismissal with prejudice of the plaintiffs' claims against the City/Parish operates as an adjudication on the merits and a dismissal of all claims between plaintiffs and defendant City/Parish, whether the City/Parish is sued in its

own name or in the name of a municipal official capacity for the same claims. This bar to

litigation certainly equals a right to avoid trial, establishing the nonreviewability factor

necessary for collateral appeal.

This showing is here made to bolster the argument that Scott Wilson will prevail on

the merits of the appeal, by showing that he satisfies the requirements for immediate appeal

under the collateral appeal doctrine and 28 U.S.C. § 1291.

## CONCLUSION

For the aforementioned reasons, it is respectfully requested that the court stay all

pending matters in the proceedings pending resolution of Defendant's appeal to the Fifth

Circuit Court of Appeals.

Respectfully Submitted:

s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
5551 Corporate Blvd., Suite 101
Baton Rouge, LA 70808
Telephone: (225) 231-1453
Facsimile: (225) 231-1456
Email: celiacan@bellsouth.net

*Attorney for Defendant, Scott Wilson, in his official capacity as Mayor Pro Tempore of the City of Baton Rouge, Parish of East Baton Rouge*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been forwarded on this 23rd day of February, 2021, to all known counsel of record via the court's electronic filing system and via email:

William Brock Most
Email: williammmost@gmail.com

Brian Edwin Lahti
Email: blahti@LHlitigation.com

David Joseph Lanser
Email: david.lanser@gmail.com

Hope Ann Phelps
Email: hopeaphelps@outlook.com

s/Celia R. Cangelosi
CELIA R. CANGELOSI
